(No. 12167.—Decree affirmed.)

CLIFTON HAGLER *et al.* Appellants, *vs.* R. H. LARNER *et al.*
Appellees.

*Opinion filed October 21, 1918.*

1. MUNICIPAL CORPORATIONS—*city may authorize the board of
health to make regulations for the suppression of disease.* Under
clause 78 of paragraph 62 of article 5 of the Cities and Villages act
a city may authorize a board of health to make all regulations which
are necessary or expedient for the promotion of health or suppres-
sion of disease, and in exercising such power the board of health
is performing an administrative and not a legislative function.

2. SCHOOLS—*when vaccination rule of board of health is lawful.*
A board of health having general authority from the city to make
regulations needful for the suppression of disease, may, when small-
pox is epidemic in the city, lawfully make a rule excluding children
from the public schools for a period of two weeks unless they have
recently been vaccinated or unless they shall produce a certificate
that they have been successfully vaccinated within five years or
have had small-pox.

3. SAME—*the right to have children attend school is subject to
reasonable health regulations.* The right of a citizen to have his
children attend public school is subject to the right of lawfully au-
thorized authorities to make and enforce such reasonable regula-
tions as are necessary to prevent the spread of a contagious disease
which is epidemic in the vicinity.

APPEAL from the City Court of Granite City; the Hon.
H. J. BROWNING, Judge, presiding.

A. R. JOHNSON, for appellants.

R. W. GRIFFITH, and MARK MEYERSTEIN, for appellees.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of
the court:

Appellants, Clifton Hagler and twelve other infant com-
plainants, by William Hagler, their next friend, filed a bill
in the city court of Granite City, to the March term, 1918,
against appellees, R. H. Larner and others, as members of

the board of education, principals of schools and of the local board of health of the city of Granite City. The relief sought by the bill was the enjoining of appellees from preventing appellants from attending the public schools unless they were first vaccinated, according to a resolution adopted by the local board of health. The cause was heard on the bill and stipulations, the hearing being in the nature of an oral demurrer to the bill. The court dismissed the bill for want of equity, and appellants have appealed to this court, contending that their constitutional rights are involved.

From the bill and the stipulations it appears that appellants are actual residents of Granite City, between the ages of six and twenty-one years, and are pupils of the Granite City public schools; that the board of health on March 4, 1918, passed a resolution that all children be excluded from the public schools for a period of two weeks unless recently vaccinated, or unless they produced a certificate that they had been successfully vaccinated within the past five years or had had small-pox; that appellees are endeavoring to enforce said resolution; that appellants have refused to submit to vaccination; that they are normally healthy and have not been exposed to small-pox, so far as known; that there is no ordinance of the city requiring vaccination as a prerequisite to attending the public schools of Granite City; that the disease of small-pox is prevalent and epidemic in said city, there being about forty cases in the city, which has a population of approximately 12,000, and that the resolution of the board of health was for the purpose of preventing the spread of the disease of small-pox and of preserving the health of the citizens of the city. It also appears from the stipulations that section 183 of chapter 9 of the revised ordinances of the city contains, among other things, the following provisions as to the duties of the local board of health: "The board of health, or a majority of said board, shall have power, upon the appearance in epidemic form of small-pox, etc., and other contagious and

infectious disease within the city limits, for the purpose of preventing the spread of said disease, to make such rules and regulations and such sanitary investigation as they may from time to time deem necessary for the preserving and improvement of the public health, to provide for gratuitous vaccination and disinfection, and to do all acts, make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease."

Appellants contend that the local board of health had no legal authority to pass the aforesaid resolution, that it is void, and that the injunction should have been granted restraining the board and the school officers from enforcing the same. It is also insisted that the resolution and the enforcement of the same violate section 1 of article 8 of the constitution of 1870, which provides: "The General Assembly shall provide a thorough and efficient system of free schools, whereby all children of this State may receive a good common school education."

The question of the right to require school children to be vaccinated as a prerequisite to their admission to the public schools has met with frequent discussion in the various jurisdictions in this country. There is a manifest lack of uniformity in the decisions of the courts. In this State the rule is firmly established that school directors and boards of education have no authority to exclude children from the public schools on the ground, simply, that they refuse to be vaccinated, unless in cases of emergency, in the exercise of the police power, it is necessary or reasonably appears to be necessary to prevent the contagion of small-pox. (*Potts* v. *Breen,* 167 Ill. 67; *Lawbaugh* v. *Board of Education,* 177 id. 572; *People* v. *Board of Education,* 234 id. 422.) In all of the foregoing cases it appears that there was no epidemic or prevalence of small-pox and that the pupils were in a healthy condition and had not been exposed to small-pox, and this court held it to be unreasonable to require vaccination as a prerequisite to admission to the pub-

lic schools in such cases and that there was no law of this State authorizing such action. In the instant case it appears from the stipulations that small-pox was epidemic and prevalent in Granite City and that there actually existed a large number of cases of small-pox when the resolution was passed and enforced, and that the board of health, acting under the authority conferred by the ordinance above set out, passed the resolution for the purpose of preventing the spread of the disease and of preserving the health of the citizens.

The exact question here raised seems never to have been passed on directly by this court, but it is not a new one in other jurisdictions having similar health laws. The courts are practically a unit in holding that in the event of a present or threatened epidemic such rules and regulations as are now under consideration are reasonable and should be upheld,—and such has been the rule in States where there has been no express authority requiring vaccination. Where small-pox is epidemic it is not a necessary prerequisite to require vaccination that pupils have been personally exposed. (State v. Cole, 220 Mo. 697; Blue v. Beach, 155 Ind. 121.) It has been held in some jurisdictions that even without specific authority from the legislature or city council, local boards having control of schools or of the general care of the public health are justified by the existence of the emergency in making vaccination a condition for admission to the public schools. (Hill v. Bickers, 171 Ky. 703; State v. Zimmerman, 86 Minn. 353; State v. Board of Education, 21 Utah, 401.) This court, in Potts v. Breen, supra, while making no direct decision upon the point, recognizes the rule that in cases of emergency, when necessary or apparently necessary to prevent the spread of small-pox and preserve the public health, pupils may be temporarily excluded from the public schools unless they are properly vaccinated or have had small-pox. It was said in that case: "Undoubtedly, also, children infected with or exposed to

small-pox may be temporarily excluded or the school temporarily suspended, but, like the exercise of similar power in other cases, such power is justified by the emergency, and, like the necessity which gives rise to it, ceases when the necessity ceases."

The resolution of the board of health was reasonable in view of the fact that small-pox was epidemic and the disease likely to spread from the many cases then existing in the city. It is not disputed that the purpose of the board of health in passing the resolution was the prevention of the spread of the disease and preserving the health of the citizens, and there is no argument offered by appellants that that would not be its tendency or that the actual, express purpose of the board would not be accomplished by the enforcement of the board's rules. The requirement of the resolution was that such exclusion of the pupils should be temporary, or for two weeks, and then only in case they refused to be vaccinated, etc. The only objection to the resolution, in fact, is that the board had no sufficient authority to pass the same and that the school board was therefore without power to enforce it.

Clause 76 of paragraph 62, article 5, of our Cities and Villages act, provides, in enumerating the powers and duties of city councils, that the city council shall have power "to appoint a board of health and prescribe its powers and duties." Clause 78 of the same paragraph gives the council the further power "to do all acts, make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease." The foregoing clauses of the statute and the ordinance of Granite City conferred upon the board of health of said city ample authority to pass said resolution under the existing facts. The passing of the resolution by the board was the mere exercise of an administrative function and not the exercise of a legislative power, as contended by the appellants. The delegation of power to make a law would, if conferred upon the board

of health, be a legislative power, and such a delegation would be void. However, the conferring of authority or discretion upon the board of health to execute a law or ordinance is not a delegation of legislative authority, and the rule is well established that such may be done. (*Blue v. Beach, supra; People* v. *Tait,* 261 Ill. 197.) The power conferred upon the board of health by the ordinance was merely power to make such rules and regulations and such sanitary investigations as the board might from time to time deem necessary for the preserving and improvement of the public health upon the appearance in epidemic form of small-pox, and is such an ordinance as was within the power of the city to adopt and such as has been frequently upheld by the authorities. The rule adopted by the board was not a permanent rule or law but a mere temporary order set in force for a limited time as a means of stamping out small-pox and preventing the further spread thereof in said city. The rule or regulation expired at the expiration of the limit fixed for it to remain in force and cannot in any sense be said to be a legislative act. No one was compelled to be vaccinated. The simple effect of the order was that no child could enter the school unless vaccinated while the rule of the board requiring vaccination was in force. As it was the duty of the board of health to enforce such reasonable rules and regulations as would stamp out the epidemic and promote the public health and the resolution seemed well calculated to accomplish that purpose, and as a public necessity existed for such action, the board of health must be held to have acted legally in passing the resolution and the school board in enforcing it and requiring vaccination as a condition to pupils entering the schools. The exercise of such authority by the board of health and the school board finds ample authority in the police power of the State when such a necessity arises as is shown in this case, and no constitutional rights of appellants have been violated. No child has a constitutional right to carry to others in

school the loathsome disease of small-pox. Vaccination is now recognized as the only safe prevention of the spread of small-pox. It is approved by medical science generally and by governmental authorities throughout the civilized world. In many countries compulsory vaccination has become the settled policy of the State, and our own country has adopted it as one of the preliminary requisites to military service. A child infected with small-pox may communicate the disease to hundreds of others, and the disastrous results therefrom are incalculable. Where small-pox is epidemic and a large number of cases are actually existing in a city or community, no one can tell at what moment some person may become exposed and break out with the disease. By the teachings of the best medical authorities a person who has been thoroughly and successfully vaccinated will be entirely immune from the disease or put in such condition that if he should contract the disease it would only be in the very mild form commonly known as varioloid, which rarely occasions scarring or fatal results. In other words, the result of vaccination, according to such authorities, is not only the arrest of the spreading of the disease, but the prevention of fatalities among those who are actually exposed to the disease and who contract it in its milder form. While, on the other hand, it is true that occasionally very disastrous results happen from the use of impure vaccine, and there are many people, for that or other reasons, who resist, and have the right to resist, compulsory vaccination of their children except in cases of necessity, yet they have no right to insist on their children continuing in school and mixing in large congregations without obeying such requirements when small-pox is epidemic in the community and such children perhaps been exposed to the same. The right to enjoy school and all other privileges, recognized by our law, must be so used and enjoyed as not to expose other people unnecessarily to dangerous diseases or contagions. The police power is broad enough to protect all citizens against

such exposure, and it is not an unreasonable requirement to prevent children from having the benefits of school unless vaccinated, etc., under such conditions as existed in Granite City when the resolution of the board of health was passed, and particularly when such exclusion was only for the period of two weeks and with the privilege to the children to remain unvaccinated by remaining out of school for such time.

The bill of complaint was without equity under the showing in this record and the decree of the city court is affirmed.

*Decree affirmed.*