HARTMAN *v.* MAY *et al.*

(Division A. Jan. 1, 1934.)

[151 So. 737. No. 30828.]

Mize, Thompson & Mize, of Gulfport, for appellant.

Walter Wadlington, of Biloxi, for appellees.

480

Argued orally by **Webb Mize,** for appellant.

**Cook, J.,** delivered the opinion of the court.

The appellant, Ernest Hartman, a minor eight years of age, was excluded from the public schools of the city of Biloxi. He thereupon, by his father and next friend, filed a bill of complaint against the superintendent and board of trustees of the Biloxi city schools, which, as amended, alleged that the said minor was excluded from said schools because he had not been vaccinated against smallpox, and that in so doing the said school authorities relied on an ordinance of the city of Biloxi and a resolution of the board of trustees of the city public schools requiring all children to be vaccinated against smallpox before they could enter said schools. The bill further averred that there was no epidemic of smallpox in the city of Biloxi; that the said minor had not been exposed

to smallpox or other communicable disease and had violated none of the valid rules and regulations of said schools; and that said ordinance is invalid and constitutes no reasonable excuse or basis for the exclusion of such minor from the public schools of the said city.

The bill of complaint further charged that after request the complainant had failed to secure permission from the attorney-general or district attorney to proceed in their names by mandamus, and prayed for an injunction restraining the defendants from refusing to permit said child to enter said schools. The ordinance of the city of Biloxi and resolution of the school board authorizing and requiring the exclusion from the public schools of children who had not been successfully vaccinated were made exhibits to the bill of complaint. Section 1 of the said ordinance provides that it shall be unlawful for any child of educable age to attend any school in the city to which the public generally is admitted, unless said child has previous to the date of his or her application for admission presented to the superintendent, principal, or teacher in charge of such school, a certificate from the city health officer, or some other reputable physician of the city of Biloxi, showing that said child has been successfully vaccinated against smallpox, or is immune from the danger of contracting the disease known as smallpox.

Section 2 of the said ordinance provides that it shall be unlawful for the parent, guardian, or other person having any such child of educable age under his care, tuition, or control to tender or offer such child for admission to any such school, unless said child has been vaccinated, or certified to be immune in the manner set out in section 1 of the ordinance. Section 3 of the ordinance declared it to be the public policy of the city of Biloxi to protect its inhabitants from infectious diseases, particularly smallpox and other highly dangerous diseases, and to adopt such laws for that purpose as it was authorized to adopt under the general powers granted to it. The

resolution of the board of trustees on the subject was in accord with the provisions and requirements of the said ordinance.

The appellees demurred to the bill of complaint, assigning as grounds thereof the following:

"1. That there exists from the facts recited in the amended bill of complaint no basis of jurisdiction in this court of equity.

"2. That the amended bill of complaint shows that the City of Biloxi was acting within its corporate power in passing the ordinances referred to in the amended bill of complaint, and it was and became the duty thereafter of the superintendent of the schools and the members of the board of trustees of the city schools to enforce said ordinances.

"3. That the amended bill of complaint shows that the minor complainant was refused permission to attend the public schools of the City of Biloxi in order to protect and conserve the public welfare of the City of Biloxi and that such refusal was based upon an ordinance that was within the police power of the City of Biloxi to enact.

"4. The amended bill of complaint fails to show any equity upon the face thereof."

The demurrer was sustained and the bill dismissed, and, from the decree entered, this appeal was prosecuted.

It is not contended on this appeal that the Legislature does not have the power to require vaccination of children as a condition precedent to their right to attend public schools. But it is contended that, in the absence of express statutory requirement of vaccination against smallpox as a prerequisite to a child's right to enter the public schools of the state, a municipality has no right or power to require vaccination as a condition precedent to the right to attend its schools; or, in other words, that the general statutory grant of authority to municipalities to make regulations to prevent the introduction and

spread of contagious or infectious diseases, does not empower municipal authorities to exclude children from the municipal public schools because of failure or refusal to submit their persons to vaccination. As a necessary sequence, the further contention is made that, in the absence of an epidemic of smallpox in the city, the ordinance requiring vaccination as a condition precedent to admission into such schools is arbitrary and unreasonable, and therefore void.

The only provisions in our statutes for compulsory vaccination are found in section 4878, Code of 1930, which empowers boards of supervisors in counties in which smallpox exists "to pass ordinances for providing for compulsory vaccination, to enforce same" as thereinafter provided, and section 4883, Code of 1930, which provides that "when yellow fever, cholera, dengue, smallpox or other virulent epidemic contagious diseases shall make their appearance in the state, the state board of health shall take charge of the infected district or locality, and enforce such rules and prescribe such measures as it may deem necessary to prevent the spread of disease or to suppress it."

By section 2396, Code of 1930, the governing authorities of municipalities of this state are empowered "to make regulations to secure the general health of the municipality," while by section 2417 of said Code they are granted the power "to make regulations to prevent the introduction and spread of contagious or infectious diseases; to make quarantine laws for that purpose, and to enforce the same within five miles of the corporate limits; to establish pest houses outside the corporate limits, and to provide for the support and government of the same."

The right of the Legislature to enact reasonable health regulations finds its basis in the police power of the state, and this police power may be delegated for appropriate purposes to the various municipalities, and it may be

validly exercised by such municipalities for the protection of the health of their inhabitants. By the statutes referred to above, the Legislature has expressly authorized municipal authorities "to make regulations to secure the general health of the municipality" and "to make regulations to prevent the introduction and spread of contagious or infectious diseases" and "make quarantine laws for that purpose," and, in determining the validity of ordinances enacted in pursuance of this grant of power, the court will not consider whether such ordinances are wise or expedient, but merely whether they are a reasonable exercise of the power and authority granted to municipalities. McLeod et al. v. State, 154 Miss. 468, 122 So. 737, 738, 63 A. L. R. 1161.

Smallpox is a very contagious and dangerous disease, easily disseminated, and of frequent occurrence in the cities and towns of this section. The medical profession generally recognize vaccination as an effective means of prevention of the disease, and we do not think that the ordinance requiring children to be vaccinated as a condition to their admission to a public school is an arbitrary and unreasonable exercise of the power "to make regulations to prevent the introduction and spread of contagious or infectious diseases." The power granted is not only to make regulations to prevent the "spread" of such diseases, but to prevent the "introduction" thereof. The argument of counsel that the unreasonableness and invalidity of the ordinance is emphasized by the fact that there was no case of smallpox in the municipality or surrounding territory, and no threatened outbreak of the disease, is not supported by the averments of the bill of complaint. The bill merely charged that there was at the time no epidemic of smallpox in the said city.

In the exercise of the power and authority granted to make regulations to secure the general health, and prevent the introduction and spread of contagious or in-

fectious diseases, much must be left to the judgment and discretion of the municipal authorities, and the presumption is in favor of the reasonableness and propriety of regulations enacted in pursuance of such grant of power. The ordinance here in question was intended and reasonably calculated to prevent the introduction or spread of contagion, and bears a direct and intimate relation to the maintenance of the health of the inhabitants of the municipality, and we are unable to say that in the enactment thereof there was an unreasonable or arbitrary exercise of power. As said by the Supreme Court of the United States in the case of Jacobson v. Massachusetts, 197 U. S. 22, 25 S. Ct. 358, 362, 49 L. Ed. 643, 3 Ann. Cas. 765: "It is not, therefore, true that the power of the public to guard itself against imminent danger depends in every case involving the control of one's body upon his willingness to submit to reasonable regulations established by the constituted authorities, under the sanction of the state, for the purpose of protecting the public collectively against such danger."

While there is authority in other jurisdictions for the view that a general legislative delegation of power to make regulations for the preservation of the public health does not confer on municipal or school authorities the power to require children to be vaccinated as a condition to their admission to a public school, there is also ample authority supporting the views herein expressed. As supporting these views, we refer to the cases of McSween v. Board of School Trustees, 60 Tex. Civ. App. 270, 129 S. W. 206; Staffel v. San Antonio, etc. (Tex. Civ. App.), 201 S. W. 413; Zucht v. King (Tex. Civ. App.), 225 S. W. 267; City of New Braunfels et al. v. Waldschmidt, 109 Tex. 302, 207 S. W. 303; State v. Zimmerman, 86 Minn. 358, 90 N. W. 783, 785, 58 L. R. A. 78, 91 Am. St. Rep. 351, and authorities there cited; Blue v. Beach, 155 Ind. 121, 56 N. E. 89, 50 L. R. A. 64, 80 Am. St. Rep. 195.

The appellant next contends that, in view of the provision of section 201 of the Constitution of 1890 requiring the Legislature to establish "a uniform system of free public schools, by taxation or otherwise, for all children between the ages of five and twenty-one years," and the provisions of section 6716, Code of 1930, making school attendance compulsory, the municipal and school authorities of this city of Biloxi had no right or power to refuse him admission to the city schools because of his refusal or failure to submit to vaccination. The same contention and argument was presented in the case of McLeod v. State, supra, and, while the validity of health regulations was not there presented, the principle involved was the same, and the language of the court in disposing of the point is applicable and controlling here. In that case it was held that: "Section 201 of the Constitution does not deprive the Legislature of the power to pass laws authorizing trustees of public schools to make reasonable rules and regulations for the government and conduct of such schools." In passing upon the apparent conflict between regulations excluding certain classes of minors from the public schools and the compulsory education provisions of the School Code, the court there held that the compulsory education provision of the School Code and other provisions of the Code authorizing reasonable regulations for the management, conduct, and control of schools should be construed together, the court saying: "So construed, they do not mean that a child is entitled to attend a public school regardless of his conduct, but, on the contrary, that it is subject to such reasonable rules for the government of the school as the trustees thereof may see fit to adopt." It having been determined in the case at bar that the ordinance requiring vaccination as a condition to admission to the public schools was a reasonable and valid exercise of the power granted to the municipality to make regulations to prevent the introduction and spread of

contagious or infectious diseases, it follows that the appellant was not entitled to admission to the schools in violation of the provisions of the ordinance.

Affirmed.