Strafford,  }
June 1, 1937.  }

STATE *v.* LAWRENCE E. DREW.

*Thomas J. McGreal*, County Solicitor, for the State.

*Florence M. Dederick* (under power of attorney, by brief and orally), for the defendant.

PAGE, J. The defendant contends that his motions to dismiss should have been granted on the broad ground that the vaccination law is invalid because in conflict with the Fourteenth Amendment, *s.* 1, of the Federal Constitution and Articles 4, 5, 12 and 19 of the New Hampshire Bill of Rights.

In his motions, the defendant relied upon allegations that may be summarized thus: (1) that the "charge is a fraud and subterfuge"; (2) that he in good faith offered to send his son to school on condition that the School Board accept him unvaccinated; that this offer was a "legal tender" of the boy, whose rejection estopped the School Board and the State Truant Officer to enter this complaint; (3) that the defendant could not be compelled to place himself in "legal jeopardy," as he would be forced to do if he sent his unvaccinated son to school under penalty of the law; (4) that consequently the defendant had complied with his legal duties as custodian of his son; (5) that he had a legal right to refuse to submit his son to "a surgical operation such as vaccination or the deliberate diseasing of his son"; (6) that there is no legal authority to compel vaccination or make it a requirement for school attendance, and that forcible vaccination is in law an assault and trespass; (7) that the State may not practice medicine; (8) that in some other instances complaints similar to this have been *nol prossed*.

The general question of constitutionality here raised was considered in *Barber* v. *School Board*, 82 N. H. 426 and *Cram* v. *School Board*, 82 N. H. 495. The statute was held valid. We see no reason to re-examine the question now. The special grounds upon which the defendant based his motion to dismiss were all disposed of by the authorities relied upon in the *Barber* and *Cram* opinions.

Our statute provides for the vaccination of all school children, with certain exceptions not applying to the defendant's son. In connection with the school attendance law, it may be conceded that it penalizes failure by a parent to cause his child of school age to be

vaccinated, if the child be a fit subject or be not reasonably immune to smallpox. A direct provision for vaccination, with a penalty for refusal to submit, is valid. *Commonwealth* v. *Pear*, 183 Mass. 242; *Jacobson* v. *Massachusetts*, 197 U. S. 11; *Morris* v. *Columbus*, 102 Ga. 792; *State* v. *Hay*, 126 N. C. 999. Compare *State* v. *Martin*, 134 Ark. 420.

Neither the defendant nor his son has a constitutional right to schooling which may not be limited by a reasonable requirement, such as we have, that the child be vaccinated before attending. *Viemeister* v. *White*, 179 N. Y. 235; *Bissell* v. *Davison*, 65 Conn. 183; *State* v. *Board &c.*, 76 Oh. St. 297; *Stull* v. *Reber*, 215 Pa. St. 156; *Blue* v. *Beach*, 155 Ind. 121; *French* v. *Davidson*, 143 Cal. 658; *In re Rebenack*, 62 Mo. App. 8; *McSween* v. *School Board*, 60 Tex. Civ. App. 270; *Hill* v. *Bickers*, 171 Ky. 703; *State* v. *Martin, supra; Hagler* v. *Larner*, 284 Ill. 547; *State* v. *Board &c.*, 21 Utah 401; *Zucht* v. *King*, 260 U. S. 174. A more recent case reaches the same conclusion. *Hartman* v. *May*, 168 Miss. 477.

So it is irrational for the defendant to say that he did his full duty as citizen and father when he demanded that his son be admitted to the school without vaccination. Equally irrational is his argument that he would be subject to penalty if he sent the boy to school unvaccinated; for it is his legal duty to send him vaccinated, and his refusal to do so is the cause of his conviction. Irrational also are his claims that the statutes involve the State in the practice of medicine, and that other complaints similar to this having been *nol prossed*, this must be dismissed.

The defendant's individual ideas, whether "conscientious," "religious" or "scientific" do not appear to be more than opinions. They are not shown to involve any question of religious liberty. Since they are mere opinions, they are irrelevant and immaterial. The defendant's views cannot affect the validity of the statute or entitle him to be excepted from its provisions. *Commonwealth* v. *Pear*, 183 Mass. 242, 246. It is for the legislature, not for him or for us, to determine the question of policy involved in public health regulations. If all men were to take the position that individual opinions are equivalent to rights, law would be replaced by anarchy. Upon the defendant's theory, no man could be convicted of drunkenness who insisted upon the view that a noisy spree is a private right; and no charlatan could be prevented from assuming to practice medicine provided he felt the "call" to do so. The defendant cannot claim constitutional rights under Articles 4 and 5 of the Bill of

Rights without making concessions of some of his natural rights under Article 3.

It follows that it was perfectly proper for the County Solicitor to remind the jury that when a law does not please a person, he has no right to ask a jury to permit him to violate it, and for the solicitor further to state that dissatisfied persons must seek relief in such a case from the legislature and not from the jury. Equally correct was the argument that the jury should not consider the defendant's feeling that the law is unjust or unconstitutional.

Finally, our statute does not involve an assault or trespass upon the body of any child. To the extent that it requires parents under certain circumstances to have their children vaccinated, it is a reasonable measure for the protection of the public health. *Stull* v. *Reber*, 215 Pa. St. 156, 162. We do not need to consider whether forcible vaccination by a public official would be an assault under our statute as it now stands. There was not even an attempt at such vaccination here. The defendant merely refused to send his child to school vaccinated. So he must pay the penalty for not submitting to a valid law. *Commonwealth* v. *Pear, supra.*

It follows that it was proper for the court to give the jury the instructions excepted to, including the sentence, "It was the legal duty of the defendant Lawrence E. Drew to have his child vaccinated and to cause it to attend school."

*Exceptions overruled.*

All concurred.