33621.   ANDERSON *et al. v.* THE STATE.

DECIDED JUNE 29, 1951.

*Chalmers Chapman,* for plaintiff in error.

*R. N. Odum, Solicitor, John P. Rabun,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ ■ Code § 32-911 as amended by the act of 1946 (Ga. L. 1946, p. 206, 207) provides as follows: "The boards of education of each county and independent school system may make such regulations as in their judgment shall seem requisite to insure the vaccination of the pupils in their respective schools and may require all scholars or pupils to be vaccinated as a prerequisite to admission in their respective schools." Similar statutes have been widely held to be valid delegations of legislative power to the designated county or municipal authorities for the purpose of requiring vaccination as a prerequisite to school attendance, or as a health measure. See Jacobson *v.* Mass., 197 U. S. 22, (25 Sup. Ct. 358, 49 L. ed. 643); Hartman *v.* May, 168 Miss. 477 (151 So. 737, 93 A.L.R. 1408); Herbert *v.* Board of Education, 197 Ala. 617 (73 So. 321); Allen *v.* Ingalls, 182 Ark. 991 (33 S. W. 2d, 1099); Bissell *v.* Davison, 65 Conn. 183 (32 Atl. 348). See also *Morris* v. *City of Columbus,* 102 *Ga.* 792 (30 S. E. 850); *Williams* v. *Ragsdale,* 205 *Ga.* 274, 278 (53 S. E. 2d, 339). Here, the following excerpt from the minutes of the Tattnall County Board of Education was admitted in evidence without objection: "The superintendent reported that the county board of health had requested the county board of education to require children entering school to take the immunizations for smallpox, diphtheria and typhoid at least. Mr. Rabun moved that as a requisite to the further attendance of any pupil in school [he] be required to take the immunization of all infectious diseases required by the county board of health. This . . was carried." The objection appears to be, not to the sufficiency of evidence of the resolution of the county board of education, but because of a failure to show any immunization requirements of the county board of health. Since Code (Ann. Supp.) § 32-911, supra, empowers the board of education without regard to any rules or regula-

tions promulgated by the board of health to require as a prerequisite to admission in the public schools over which it has jurisdiction, the vaccination of children, the fact that its action was taken here pursuant to a request by the county board of health is immaterial. The board of education could have taken the same action without such request. It follows, therefore, that the failure of the State to prove a requirement of the board of health affords no ground for reversal.

■ The defendant further contends that the evidence fails to support the verdict because, under Code § 32-1801, rules of the county boards of health shall not apply in incorporated areas, and it is not shown here whether or not the defendants resided in an incorporated area. This contention is without merit because, as has been pointed out, the vaccination required of the defendants' children as a prerequisite to their remaining in school was pursuant to rules and regulations promulgated by the county board of education as authorized by Code (Ann. Supp.) § 32-911 and not by virtue of any rule or regulation of the county board of health as authorized by Code § 32-1801. It is not contended that the board of education did not have jurisdiction of the school in question.

■ The defendant further contends that the court, even without request, should have charged Art. I, Sec. I, Par. XII of the Constitution of Georgia (Code, § 2-112) as follows: "All men have the natural and inalienable right to worship God, each according to the dictates of his own conscience, and no human authority should, in any case, control or interfere with such right of conscience." The defendants contend that they are members of a religious sect which permits them to choose for themselves the application of the tenets of their sect; that they interpret their religious instruction to mean that they should not use medicinal aids; that this is a part of their religion and to deprive them of it is to deprive them of their freedom of worship; that they do not wish to deprive their children of an education but, when forced to make a choice between depriving them of an education and allowing them to receive medical treatment, they must choose the former. The ill effects of contagious disease, and its power to wipe out entire populations, is a matter of history. Many of these scourges

of the past have been completely dissipated by the preventive methods of medical science. The purpose of the legislature in passing the statute embodied in Code (Ann. Supp.) § 32-911 was to prevent the spread of these diseases, not only for the protection of those actually immunized but for the protection of others with whom they might come in contact. The refusal of the defendants here to have their children vaccinated amounted to a transgression of the rights of others. In *Jones* v. *City of Moultrie,* 196 *Ga.* 526, at page 531 (27 S. E. 2d, 39), it is held as follows: "A person's right to exercise religious freedom, which may be manifested by acts, ceases where it overlaps and transgresses the rights of others. Every one's rights must be exercised with due regard to the rights of others. 'Sic utere tuo ut alienum non laedas' has been a maxim of legal application since the days of the civil law of the Roman Empire. To construe this constitutional right as being unlimited, and to hold as privileged any act if based upon religious belief, would be to make the professed doctrine of religious faith superior to the law of the land, and in effect would permit every citizen to become a law unto himself." In City of New Braunfels *v.* Waldschmidt, 109 Tex. 302 (207 S. W. 303) the court, ruling that an ordinance denying pupils the right to attend school unless vaccinated for smallpox did not interfere with any rights of conscience in matters of religion, held as follows: "No more does section 6 of the Bill of Rights in our State Constitution relieve one from obedience to reasonable health regulations enacted under the police power of the State, because such regulations happen not to conform to one's religious belief." In State *v.* Drew, 89 N. H. 54 (192 Atl. 629), the defendant was convicted of failure to cause his child to attend a public or private school, by reason of failure to allow him to be vaccinated as a prerequisite to attendance, the court there holding, "So it is irrational for the defendant to say that he did his full duty as a citizen and father when he demanded that his son be admitted to the school without vaccination. Equally irrational is his argument that he would be subject to penalty if he sent the boy to school unvaccinated; for it is his legal duty to send him vaccinated, and his refusal to do so is the cause of his conviction."

Liberty of conscience is one thing. License to endanger the lives of others by practices contrary to statutes passed for the public safety and in reliance upon modern medical knowledge is another. The validity of the statute is not questioned, and the wisdom of the legislative enactment is not a matter for the decision either of this court or of any individual citizen. The opinion of the defendants that they should practice healing without the aid of medicine is not a legal justification for refusal to abide by the statutes of this State and regulations passed pursuant thereto, and for this reason freedom of worship was not an issue in the case. The failure of the court to charge on this subject was not error.

■ The fourth and final contention of the defendant is that the court erred in charging the jury as follows: "I charge you that if the defendants failed and refused to have their children take the immunization shots and then sent them back to school and the children were sent home by the teachers for this reason; this would be a refusal by the defendants to enroll and send their children to school and they would be guilty as charged."

Code (Ann. Supp.) § 32-2104 imposes upon parents of children between the ages of seven and sixteen years the duty of enrolling and sending such children to a public or private school. Code (Ann. Supp.) § 32-9914 fixes the penalty for non-compliance with this duty. As hereinbefore pointed out, Code and Ann. Supplement § 32-911 empowers the county boards of education to fix rules and regulations insuring the vaccination of such school children as a prerequisite to admission. These provisions of our statute law therefore impose upon the parents the duty of sending the children to school and upon the school authorities the duty of fixing the rules and regulations under which they shall attend. The defendants in this case sought to comply with their duty to send their children to school but at the same time usurp the prerogative of the school authorities, and also undertook to fix the rules under which they should attend. Their contention therefore that they did actually enroll the children unvaccinated constitutes no valid defense. It is the same contention urged in State v. Drew, supra, where the offer to send the children unvaccinated to the school was sought to be treated as a "legal tender" and the rejection was sought

to be treated as an estoppel of the school board. Such a contention is unsound for the reason that an offer to do a thing only upon waiver of the conditions precedent thereto amounts to no offer at all. Further, our statute specifically provides, not only that the child shall be enrolled, but kept in school for a minimum of 175 days or the full session thereof, subject to certain exceptions. Under these circumstances, the action of the parents in refusing to meet the prerequisites of attendance in public school constituted a violation of the statute and the court did not err in so charging.

The judgment of the trial court overruling the motion for a new trial as amended is without error.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*