Leo ITZ et ux., Petitioners,

v.

Vernon E. PENICK, President of Fredericksburg Independent School District et al., Respondents.

No. B–3562.

Supreme Court of Texas.

Jan. 17, 1973.

Gloria T. Svanas, Odessa, for appellant.

Richard Hoerster, Fredericksburg, for appellee.

John L. Hill, Atty. Gen., Robert W. Gauss, Asst. Atty. Gen., Austin, for Intervenor.

DANIEL, Justice.

This is a direct appeal to this Court under Article V, Section 3–b of the Constitution of the State of Texas, Vernon's Ann. St., Article 1738a and Rule 499a [1] challenging the constitutionality of Section 2.09 of the Education Code, V.T.C.A., the State's compulsory immunization statute, which provides as follows:

"§ 2.09. Immunization.

"(a) No person may be admitted to any elementary or secondary school or institution of higher education unless he has been immunized against diphtheria, rubeola, rubella, tetanus, poliomyelitis, and smallpox, except as provided in Subsection (c).

"(b) Subject to the provisions of Subsection (c) the State Board of Health may modify or delete any of the immunizations in Subsection (a) or may require immunizations against additional diseases as a requirement for admission to any elementary or secondary school or institution of higher education.

"(c) No form of immunization is required for a person's admission to any elementary or secondary school or institution of higher education when the person applying for admission submits to the admitting official either of the following:

"(1) an affidavit signed by a doctor who is duly registered and licensed under the Medical Practice Act of Texas, in which it is stated that, in the doctor's opinion, the immunization required would be injurious to the health and well-being of the applicant or any member of his family or household; or

"(2) an affidavit signed by the applicant or, if a minor, by his parent or guardian stating that the immunization conflicts with the tenets and practice of a recognized church or religious denomination of which the applicant is an adherent or member; provided, however, that this exemption does not apply in times of emergency or epidemic declared by the Commissioner of Health.

"(d) The State Department of Health shall provide the required immunizations to children in areas where no local provision exists to provide these services.

"(e) A person may be provisionally admitted to an elementary or secondary school or institution of higher education if he has begun the required immunizations and if he continues to receive the necessary immunizations as rapidly as is medically feasible. The State Department of Health shall promulgate rules

1. All references to Rules are to the Texas Rules of Civil Procedure, and citations to statutes refer to Vernon's Annotated Civil Statutes.

and regulations relating to the provisional admission of persons to an elementary or secondary school or institution of higher education."

Appellants, Leo Itz and his wife, individually and as parents of Harold and Dorthea Itz brought this suit in the district court of Gillespie County seeking a temporary and permanent injunction against the Fredericksburg Independent School District's enforcement of the compulsory immunization statute and a judgment declaring the statute to be unconstitutional and void. The Texas State Department of Health was granted leave to intervene on the side of the appellees. The trial court denied the temporary injunction and appellants brought this direct appeal.

■ Appellees assert that this Court does not have jurisdiction of this cause because the record does not reveal whether the school district refused admission to the Itz children pursuant to the State statute or pursuant to its own regulation. A direct appeal from the latter would not be authorized, because it is a ruling of a local board and not of state-wide application. Bryson v. High Plains Underground Water Conservation District No. 1, 156 Tex. 405, 297 S.W.2d 117 (1956); McGraw v. Teichman, 147 Tex. 142, 214 S.W.2d 282 (1948). Admittedly, the school's regulation was identical to the State statute and the school district's action in adopting a local rule in conformity with the State law is revealed by minutes of the school board meeting of June 8, 1972. Under this record, and inasmuch as the school district is required by law to enforce as a minimum the vaccination requirements of the State law, the question of constitutionality of Article 2.09 is properly before this Court for review.

■ Article 2.09 requires immunization of all persons as a prerequisite to admission to any elementary or secondary school or institution of higher education with two exceptions stated in Secs. (c), (1) and (2) above. Leo Itz did not submit an affidavit

under either of the two exceptions provided by the statute. Itz's testimony reveals that his interest in challenging the statute is based in large part on his belief that the introduction of vaccine into the body is harmful to the health. He testified that many years ago his oldest daughter contracted hepatitis as a result of a diphtheria shot. However, Itz testified that he made no attempt to secure a medical exception under Sec. (c)(1) because he talked with practitioners of other healing arts and they advised against it.

Although Mr. Leo Itz's testimony indicates that he is a man of strong religious conviction, he filed no affidavit under Sec. (c)(2) that immunization conflicts with "the tenets and practice of a recognized church or religious denomination of which [he or either of his children] is an adherent or member."

Therefore, the Itzs' attacks on the statute are grounded primarily on their argument that it is an unconstitutional interference by the State Legislature with their rights as parents to require compulsory immunization of their children as a prerequisite to attendance in State supported schools. In four points of error they allege that the statute is unconstitutional because (1) it is a denial of equal protection of the law; (2) it contains unconstitutional delegations of power; (3) it is a denial of due process of law; and (4) it is an "invidious discrimination against attendance at any elementary or secondary school or institution of higher learning."

Appellants admit that their arguments harken back to 1721, when Benjamin Franklin opposed compulsory innoculations, and 1747, when Governor Clinton of New York forbade anyone within the City or County of New York from using innoculations against smallpox. They argue that innoculation "is nothing short of an assault" upon one's body by "invidious impregnation with bacteria"; that it is "cruel and unusual punishment"; interferes with parental control and decisions relating to

the health of their children; interferes with their children's constitutional right to a public free education; and finally that "Vaccination by compulsion is one of the greatest crimes today, and it is being committed by the Legislature of the State of Texas disguised as V.T.C.A. Education Code, Sec. 2.09."

A much more enlightened view of the necessity for immunization of students attending elementary and secondary schools and institutions of higher education in order to lessen the spread of communicable diseases has been adopted by the legislatures and approved by the courts of Texas and a majority of the other states during the past half century. All of appellants' points of error have been heretofore assigned in challenging the constitutionality of compulsory immunization statutes, city ordinances or school district regulations and overruled in one or more of the following Texas cases: City of New Braunfels v. Waldschmidt, 109 Tex. 302, 207 S. W. 303 (1918); Booth v. Board of Education, 70 S.W.2d 350 (Tex.Civ.App.1934, error dismissed); Chrestman v. Tompkins, 5 S.W.2d 257 (Tex.Civ.App.1928, error ref.); Johnson v. Dallas, 291 S.W. 972 (Tex.Civ. App.1927, error dism.); Abney v. Fox, 250 S.W. 210 (Tex.Civ.App.1923, error ref.); Staffel v. San Antonio School Board of Education, 201 S.W. 413 (Tex.Civ.App. 1918, error ref.); Zucht v. San Antonio School Board, 170 S.W. 840 (Tex.Civ. App.1914, error ref.); McSween v. School Trustees, 60 Tex.Civ.App. 270, 129 S.W. 206 (1910, error ref.).

A great majority of the states have enacted compulsory or local option immunization laws. These statutes were the subject of frequent attack in the early years of the century and were universally upheld as proper exercises of the police power for the protection of the health and safety of the citizenry. See Jacobson v. Massachusetts, 197 U.S. 11, 25 S.Ct. 358, 49 L.Ed. 643; Zucht v. King, 260 U.S. 174, 43 S.Ct. 24, 67 L.Ed. 194; Commonwealth v. Pear, 183 Mass. 242, 66 N.E. 719; French v. Da-

vidson, 143 Cal. 658, 77 P. 663; Ragler v. Larner, 284 Ill. 547, 120 N.E. 575; Blue v. Beach, 155 Ind. 121, 56 N.E. 89; Hartman v. May, 168 Miss. 477, 151 So. 737; In re Rebenak, 62 Mo.App. 8; State v. Drew, 89 N.H. 54, 192 A. 629; Matter of Viemeister, 179 N.Y. 235, 72 N.E. 97; State ex rel. Milhoof v. Board of Education, 76 Ohio St. 297, 81 N.E. 568; Stull v. Reber, 215 Pa. 156, 64 A. 419; State ex rel. Cox v. Board of Education of Salt Lake City, 21 Utah 401, 60 P. 1013.

Appellants have cited no cases holding to the contrary and we have found none. It is our opinion that Section 2.09 of the Texas Education Code is constitutional, and that the trial court properly denied the temporary injunction.

Accordingly, we affirm the judgment of the trial court.