

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 15, 2004

Eduardo J. Sanchez, M.D., M.P.H.
Commissioner of Health
Texas Department of Health
1100 West 49th Street, M-751
Austin, Texas 78756-3199

Ms. Shirley Neeley, Ed. D.
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-9734

Opinion No. GA-0178

Re: Whether, under sections 25.001 and 25.002 of the Education Code, a child who is newly enrolled in a public school may be prohibited from attending the school during the thirty-day period allowed to produce (1) immunization records; (2) proof that the child is not required to be immunized; or (3) proof that the child may be provisionally admitted under section 38.001(e), Education Code   (RQ-0124-GA)

Dear Commissioners:

Your agencies, the Texas Department of Health (the "TDH") and the Texas Education Agency (the "TEA"), jointly ask whether, under sections 25.001 and 25.002 of the Education Code, a child who is newly enrolled in a public school may be prohibited from attending the school during the thirty-day period allowed to produce (1) immunization records; (2) proof that the child is not required to be immunized; or (3) proof that the child may be provisionally admitted under section 38.001, Education Code.[1] You stipulate that federal law requires a school to admit a homeless child, *see* 42 U.S.C.A. § 11302 (West 1995 & Supp. 2003) (defining the term "homeless"), "without regard to the availability of immunization records." Request Letter, *supra* note 1, at 1; *see* 42 U.S.C.A. § 11432(g)(3)(C)(i) (West Supp. 2003). Accordingly, this opinion does not pertain to homeless children.

## I.     Applicable Law

### A.     Sections 25.001 and 25.002, Education Code

Section 25.001 provides for a child's admission into the public schools: "A person who is at least five years of age and under 21 years of age on the first day of September of any school

---

[1]*See* Letter from Eduardo J. Sanchez, M.D., M.P.H., Commissioner of Health, Texas Department of Health, and Robert Scott, Chief Deputy Commissioner of Education, Texas Education Agency, to Honorable Greg Abbott, Texas Attorney General (Oct. 28, 2003) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

year is entitled to the benefits of the available school fund for that year." TEX. EDUC. CODE ANN. § 25.001(a) (Vernon Supp. 2004). Section 25.001 further requires a school district to "admit into [its] public schools" any school-aged child who satisfies the statutory residency requirements or is a foreign exchange student. *Id.* § 25.001(b). Section 25.002 establishes enrollment requirements:

(a) Not later than the 30th day after the day a parent or other person with legal control of a child under a court order enrolls the child in a public school, the parent or other person or the school district in which the child most recently attended school shall furnish to the school district:

(1) the child's birth certificate or [other] proof of the child's identity;

(2) a copy of the child's records from the school the child most recently attended if the child has been previously enrolled in a school in this state or another state; and

(3) a record showing that the child has the immunizations as required under Section 38.001, in the case of a child required under that section to be immunized, proof as required by that section showing that the child is not required to be immunized, or proof that the child is entitled to provisional admission under that section and under the rules adopted under that section.

. . . .

(c) If the information required by Subsection (a) is not furnished to the district within the period provided by that subsection, the district shall notify the police department of the municipality or sheriff's department of the county in which the district is located and request a determination of whether the child has been reported as missing.

(d) When accepting a child for enrollment, the school district shall inform the parent or other person enrolling the child that presenting a false document or false records under this section is an offense under Section 37.10, Penal Code, and that enrollment of the child under false documents subjects the person to liability for tuition or costs under Section 25.001(h).

. . . .

(g) A school district shall accept a child for enrollment in a public school without the documentation required by Subsection (a) if the Department of Protective and Regulatory Services has taken possession of the child under Chapter 262, Family

Code. The Department of Protective and Regulatory Services[2] shall ensure that the documentation required by Subsection (a) is furnished to the school district not later than the 30th day after the date the child is enrolled in the school.

*Id.* § 25.002 (footnote added).

### B.    Section 38.001, Education Code, and TDH Rules

The Board of Health is required by statute to "develop immunization requirements for children." TEX. HEALTH & SAFETY CODE ANN. § 81.023(a) (Vernon Supp. 2004). Section 38.001 of the Education Code requires that each student be "fully immunized against diphtheria, rebeola, rubella, mumps, tetanus, and poliomyelitis," and other diseases as the Texas Board of Health directs, except in limited cases. TEX. EDUC. CODE ANN. § 38.001(a)-(b) (Vernon Supp. 2004). Immunization is not required for admission if the person applying for admission

(1) submits . . . :

(A) an affidavit or a certificate signed by a physician . . . in which it is stated that, in the physician's opinion, the immunization required poses a significant risk to the health and well-being of the applicant or any member of the applicant's family or household; or

(B) an affidavit signed by the applicant or, if a minor, by the applicant's parent or guardian stating that the applicant declines immunization for reasons of conscience, including a religious belief; or

(2) is a member of the armed forces of the United States and is on active duty.

*Id.* § 38.001(c). Section 38.001(e) provides for provisional admission:

A person may be provisionally admitted to an elementary or secondary school if the person has begun the required immunizations and if the person continues to receive the necessary immunizations as rapidly as is medically feasible. The Texas Department of Health shall adopt rules relating to the provisional admission of persons to an elementary or secondary school.

*Id.* § 38.001(e). Each public school must keep an individual immunization record for each student attending school there and must cooperate in transferring a student's immunization records when the student transfers to another school. *See id.* § 38.002(a)-(b) (Vernon 1996).

---

[2]"As of February 1st, the *Texas Department of Protective and Regulatory Services* is now called the *Department of Family and Protective Services.*" Texas Department of Family and Protective Services, at http://www.tdprs.state.tx.us/.

The TDH's rules setting out immunization requirements are located in title 25, chapter 97, subchapter B of the Texas Administrative Code. *See* 25 TEX. ADMIN. CODE ch. 97, subch. B (2003) (Texas Dep't of Health). Section 97.63 sets out required immunizations; section 97.62 permits exclusions "on an individual basis for medical contraindications, religious conflicts, and active duty with the armed forces of the United States." *Id.* §§ 97.62, .63; *see also id.* § 97.61 (stating that all children within the state must receive the required immunizations, unless excepted). Section 97.71 regulates provisional admission:

> The law requires that students be fully immunized against the specified diseases. A student may, however, be admitted provisionally if he or she has begun the required immunizations and if he or she continues to receive necessary immunizations as rapidly as is medically feasible. The school granting provisional enrollment must ensure that the required immunizations are received on schedule
> . . . .

*Id.* § 97.71; *see also id.* § 97.74 (providing for transfer of records when a student transfers from one school or district to another).

## II.    Relationship Between Sections 25.002 and 38.001

The TDH and the TEA disagree on how sections 25.002 and 38.001 fit together. *See* Request Letter, *supra* note 1, at 1-2. The TDH construes the statutes to permit provisional admission only when a child "has begun the required immunizations and . . . continues to receive the necessary immunizations as rapidly as is medically feasible," in accordance with section 38.001, and does not construe section 25.002 to establish an additional circumstance in which a child may be provisionally admitted. TEX. EDUC. CODE ANN. § 38.001(e) (Vernon Supp. 2004); 25 TEX. ADMIN. CODE § 97.71 (2003) (Texas Dep't of Health, Provisional Enrollment); *see* Request Letter, *supra* note 1, at 1-2. Thus, according to the TDH, a child who has not begun the immunization process may not attend school (unless the child can produce an affidavit either from a physician stating that the immunizations are contraindicated or from a parent or guardian stating that the immunizations have been declined for reasons of conscience, or is on active military duty). *See* Request Letter, *supra* note 1, at 1-3. The TEA, on the other hand, believes that section 25.002 creates an additional circumstance in which an applicant for admission who has not been immunized must be provisionally admitted to a school. *See id.* at 5. Under the TEA's construction, in accordance with sections 25.001 and 25.002, an applicant for admission must be admitted to a public school for thirty days, regardless of immunization status, "as a means of enabling the parent to either begin immunizations or secure the necessary records." *Id.*

You therefore ask two questions. You ask first whether the TDH has "exclusive authority to adopt rules relating to the provisional admission of students . . . based upon their immunization status." *Id.* at 1. You ask second whether a TDH rule that relates to provisional admission may "preclude admission" of a child "who is otherwise entitled to enroll under section 25.001 . . . during the [thirty]-day period for providing records under" section 25.002(a)(3). *Id.* Neither of these questions can be answered without construing sections 25.002 and 38.001 as they relate to each other.

The plain language of sections 25.002 and 38.001 indicates that each statute relates to a different issue; in this way, they do not conflict. *See* TEX. GOV'T CODE ANN. §§ 311.025, .026 (Vernon 1998) (providing for harmonizing irreconcilable statutes and general provisions that conflict with special provisions). Like a court, we construe statutes in accordance with their plain language. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001); *see also* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998) ("Statute Construction Aids"). "The Legislature is presumed to intend the plain language of its legislative enactments, and we must give effect to the legislative intent." *Drilex Sys., Inc. v. Flores*, 1 S.W.3d 112, 123 (Tex. 1999).

Section 25.002 pertains to enrollment in public school and to the documentation that must be provided within thirty days of enrollment. Subsection (a) in particular requires a parent or guardian to produce three documents:

> (1)  the child's birth certificate . . . ;

> (2)  a copy of the child's records from the school the child most recently attended if the child has been previously enrolled . . . ; and

> (3)  [the child's immunization records].

TEX. EDUC. CODE ANN. § 25.002(a) (Vernon Supp. 2004). The remainder of section 25.002 directs a school district's actions should a parent or guardian provide false or incomplete documentation, *see id.* § 25.002(b)-(c), (g); creates criminal offenses for the production of false documents, *see id.* § 25.002(d)-(e); and limits the class of adults who may enroll a child, *see id.* § 25.002(f).

Section 25.002 purports neither to govern the immunization status of applicants for admission to a public school, nor to authorize the TEA to adopt rules addressing this issue. Section 25.002's predecessor, section 21.0313 of the Education Code, was originally adopted in 1989 primarily as a "framework" under which a school could report suspected kidnappings, but it was also intended to "promote consistency in the enrolling of children in school." HOUSE COMM. ON PUBLIC EDUCATION, BILL ANALYSIS, Tex. H.B. 1440, 71st Leg., R.S. (1989); *see* Act of May 26, 1989, 71st Leg., R.S., ch. 1224, § 1, sec. 21.0313, 1989 Tex. Gen. Laws 4944, 4944-45. The substance of section 25.002(a)(3) was not in the original statute, but was added in 1995 as part of a major reenactment and revision of titles 1 and 2 of the Education Code. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, sec. 25.002, 1995 Tex. Gen. Laws 2207, 2288. Although we found no express statement of intent motivating the insertion of section 25.002(a)(3), it is compatible with the 1989 statement of intent to promote consistency in school districts' enrollment procedures.

Section 38.001, on the other hand, establishes immunization requirements necessary to protect students' health. TEX. EDUC. CODE ANN. § 38.001 (Vernon Supp. 2004). Subsection (a) requires a student to be "fully immunized" against various diseases before he or she may be admitted to school, although subsection (b) authorizes the Board of Health to modify the list of diseases against which a child must be immunized. *See id.* § 38.001(a)-(b). The section also provides for

exceptions to the required immunizations, *see id.* § 38.001(c); provides for provisional admission of children who have begun the required immunizations, *see id.* § 38.001(e); requires the TDH to provide the required immunizations in certain areas, *id.* § 38.001(d); and provides that a child who has not been immunized for reasons of conscience may be excluded from school in an emergency or an epidemic, *id.* § 38.001(f). Courts have stated that substantially similar compulsory vaccination statutes "'promote the usefulness and efficiency of the schools by caring for the health of the scholars,'" *City of New Braunfels v. Waldschmidt*, 207 S.W. 303, 305 (Tex. 1918) (quoting *Bissell v. Davison*, 32 A. 348, 349 (Conn. 1894)), and "to lessen the spread of communicable diseases," *Itz v. Penick*, 493 S.W.2d 506, 509 (Tex. 1973); *see also Zucht v. King*, 225 S.W. 267, 272 (Tex. Civ. App.–San Antonio 1920, writ ref'd) (describing a compulsory vaccination law as protecting school children and society against disease), *cert. dism'd*, 257 U.S. 650 (1921) *and* 260 U.S. 174 (1922); *McSween v. Bd. of Sch. Trustees of Fort Worth*, 129 S.W. 206, 208 (Tex. Civ. App. 1910, writ ref'd) (same).

Given that sections 25.002 and 38.001 serve entirely different purposes, they do not conflict. Under section 38.001, a child who has not received any immunizations (and is not excepted from the requirements) may not be admitted to school. *See* TEX. EDUC. CODE ANN. § 38.001(a), (e) (Vernon Supp. 2004). Section 25.002, on the other hand, complements the statutory requirement that a public school retain each student's immunization records and cooperate in transferring them to a student's new school. *See id.* §§ 25.002, 38.002(a)-(b) (Vernon 1999).

Our interpretation of the statutes does not unconstitutionally burden a child's interest in a public school education. Assuming, for the moment, that sections 25.001 and 25.002 create an entitlement to school admission, as the TEA argues, *see* Request Letter, *supra* note 1, at 4, this entitlement can be limited in the proper exercise of the government's police power. A statute requiring students to be immunized is a "proper exercise[] of the police power for the protection of the health and safety of the citizenry." *Itz*, 493 S.W.2d at 509; *see Zucht v. King*, 260 U.S. 174, 175 (1922) (stating that it is within a state's police power to provide for compulsory vaccination); *Waldschmidt*, 207 S.W. at 308 (stating that, if there can be said to be a child's property right to attend school, it is "subject to a valid exercise of the [state's] police power"); *Abney v. Fox*, 250 S.W. 210, 213-14 (Tex. Civ. App.–Austin 1923, writ ref'd) (noting that numerous courts have concluded that a compulsory vaccination law does not offend the Constitution); *McSween*, 129 S.W. at 208 (holding that an order requiring vaccinations "was the exercise of police power for the protection of the health of the pupils and therefore" was not unconstitutional); *see also Johnson v. City of Dallas*, 291 S.W. 972, 973 (Tex. Civ. App.–Dallas 1927, writ dism'd w.o.j.) (summarizing other cases to state that school boards are authorized "to require the vaccination of pupils as a condition precedent to their attendance"). In particular, in *Zucht v. King*, a 1921 case, the Court of Civil Appeals overruled an argument that an ordinance requiring children attending schools to be vaccinated violated "the right" of

> all persons between the ages of 7 and 21 years . . . to attend the public
> free schools in said district and receive instruction therein, and are
> entitled to all the benefits of the free school fund furnished by the

> state and the public derived from taxation in said district for free
> school purposes.

*Zucht*, 225 S.W. at 268. The court characterized the ordinance as "a police regulation affecting the schools, school children, for their good and the good of society, against the possible spread of [smallpox,] one of the most filthy and dangerous diseases." *Id.* at 272. The court said that the statute did not create an illegal special class, and thereby violate constitutional equal protection guarantees, nor did it deny rights and privileges to any pupil without due course of law. *See id.* at 272-73; *see also Staffel v. San Antonio Sch. Bd.*, 201 S.W. 413, 415 (Tex. Civ. App.–San Antonio 1918, writ ref'd) (stating that a school board's resolution denying unvaccinated children permission to attend school does not conflict with the compulsory education law).

## III.    TDH's Authority to Regulate Provisional Admission

Having construed sections 25.002 and 38.001 in this way, we resolve your questions. In response to your first question, we conclude that the TDH has exclusive authority to regulate a child's provisional admission to school with respect to immunization status. A state agency has only those powers that are explicitly or implicitly delegated to it. *See Pub. Util. Comm'n v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 315 (Tex. 2001); *R.R. Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992); Tex. Att'y Gen. Op. No. GA-0022 (2003) at 3. Section 38.001 authorizes only the TDH to "adopt rules relating to . . . provisional admission." TEX. EDUC. CODE ANN. § 38.001(e) (Vernon Supp. 2004). On the other hand, the rule-making authority of the TEA and the State Board of Education is limited to specific subject matter, which does not include provisional admission. *See id.* §§ 7.021, 7.102(c); *see also* TEX. CONST. art. VII, § 8 (requiring the legislature to provide for a State Board of Education, which "shall perform such duties as may be prescribed by law"). The TEA itself has no general, express rule-making authority. *See* TEX. EDUC. CODE ANN. § 7.021(b) (Vernon Supp. 2004). While the State Board of Education has rule-making authority, we do not find general authority to adopt rules regarding provisional admission or immunization. *See id.* § 7.102; *see also* 40 TEX. ADMIN. CODE §§ 715.203(b), 715.303(b) (2003) (Dep't of Protective & Regulatory Servs., Enrollment) (requiring schools to "obtain enrollment information for each child before admission" and prescribing information that a school must collect and retain). In addition, neither section 25.001 nor section 25.002 authorizes the TEA or the State Board of Education to regulate the circumstances under which a child may be provisionally admitted to school with respect to the child's immunization status.

We conclude, in response to your second question, that a TDH rule may preclude provisional admission to a child who has not begun receiving the required immunizations (and who is not excepted from compliance under section 38.001(c)), even during the thirty-day period allowed for providing records. Section 38.001 requires all students, unless excepted, to be immunized in accordance with TDH rules and provides for provisional admission only if the child "has begun the required immunizations and . . . continues to receive the necessary immunizations." TEX. EDUC. CODE ANN. § 38.001(a)-(c), (e) (Vernon Supp. 2004). An agency may adopt rules that are "'authorized by and consistent with its statutory authority.'" *R.R. Comm'n*, 844 S.W.2d at 685

(quoting *State Bd. of Ins. v. Deffebach*, 631 S.W.2d 794, 798 (Tex. App.–Austin 1982, writ ref'd n.r.e.)). A rule "'must be in harmony with the general objectives of the Act involved.'" *Id.* (quoting *Gerst v. Oak Cliff Sav. & Loan Ass'n*, 432 S.W.2d 702, 706 (Tex. 1968); *Deffebach*, 631 S.W.2d at 798). The TDH rule may preclude admission to a child until records are produced showing (1) that the child has been immunized; (2) that the child is not required to be immunized; or (3) that the child is entitled to provisional admission. The TDH's current rule is consistent with section 38.001 by precluding admission to children who do not qualify under the statute's plain language.

Nevertheless, a TDH rule may not restrict the right of a parent or guardian, whose child is fully immunized or has begun the required immunizations, to have thirty days to produce the required immunization documentation before the school district must report the child's name to the local law enforcement agency under section 25.002(c). *See* TEX. EDUC. CODE ANN. § 25.002(c) (Vernon Supp. 2004).

# S U M M A R Y

Section 25.002 of the Education Code pertains only to the documents that a school must require when a child enrolls. It does not govern the immunization status of applicants for admission to a public school, nor does it authorize the Texas Education Agency to adopt rules regarding this issue. Section 38.001 of the same code requires all children, unless they are excepted, to receive certain immunizations before they may be admitted to school, although a child may be provisionally admitted if he or she has begun the required immunizations and continues to do so.

Only the Texas Department of Health, and not the Texas Education Agency, may adopt rules relating to provisional admission based upon a child's immunization status. A Department of Health rule may prohibit a child who is newly enrolled in a public school from attending the school during the thirty-day period allowed to produce (1) immunization records; (2) proof that the child is not required to be immunized; or (3) proof that the child may be provisionally admitted under section 38.001(e).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee