BOARD OF HEALTH OF THE STATE OF NEW JERSEY, appellant,

*v.*

INHABITANTS OF THE TOWN OF PHILLIPSBURG, respondent.

[Argued June 18th, 1915. Decided November 15th, 1915.]

1. The title of the act of 1900 (*P. L. 1900 p. 113; Comp. Stat. p. 5816*) does not limit the scope of the legislation to the prevention of pollution of the state's water by means of a state sewerage commission.

2. The act of 1908 (*P. L. 1908 p. 605; Comp. Stat. p. 5830*), vesting in the state board of health the powers of the state sewerage commission, is constitutional.

---

*Mr. John W. Wescott,* attorney-general, and *Mr. Herbert Boggs,* assistant attorney-general, for the complainant-respondent.

*Mr. Gilbert Collins (Mr. J. I. Blair Reiley* on the brief), for the defendant.

The opinion of the court was delivered by·

SWAYZE, J.

We should think it unnecessary to add to what the chancellor said but for some suggestions in the brief in this court of counsel for the appellant, which seem to deserve remark.

1. We agree with the chancellor that the object expressed in the title of the act of 1900 is the prevention of pollution of the state's waters and that establishment of a state sewerage commission is only one of the means by which that object is to be accomplished. The title differs entirely from the one suggested by counsel, "An act for the establishment of a state sewerage commission to prevent the pollution of the waters of this state," &c. It is true that the words of the title of 1900, "by the establishment of a state sewerage commission," might be read as words limiting the scope of the act. Whether words are to have that effect in any particular case depends on the legislative intent. That such was not the intent in the present case is shown by the words that follow in the title. It can hardly be that the legislature meant to limit the prevention of pollution to the cases where the creation of sewerage districts was authorized, and where the powers and duties of the commission and the boards were prescribed, defined and regulated. It would be going far to treat each clause as a limitation; yet the grammatical structure of the three clauses, and the connection of each with the words "to prevent the pollution of the waters of this state," is the same. "Authorizing the creation of sewerage districts," "prescribing, defining and regulating the powers and duties," are connected with what precedes by the same particle "by" that connects the words "the establishment of a state sewerage commission." All three clauses were alike meant to show by the title certain means by which the object of the act was to be accomplished—an amplification rather than a limitation.

The contention of the appellant is that the object of the act cannot be accomplished by another agency than a state sewerage commission, and that the state board of health is a different agency which cannot be called a state sewerage commission.

Even if we assented to counsel's major premise, as we do not, we should dissent from his minor premise. The act of 1900, as he says, is a revision. It takes the place of the act of 1899. It undertakes to legislate on the subject *de novo*. The legislature might provide that the state sewerage commission created by the act should be the state board of health. There is no magic in the mere name "state sewerage commission." The title does not point to a definite commission such as the one then existing under the act of 1899. It points only to a sewerage commission. The words are satisfied by any commission, however constituted. A commission does not necessarily mean a board of several gentlemen called by the name commission. It is surely a commission if composed of two or more, and we see no reason why two or more men may not be a commission, although collectively spoken of also as a board. To hold otherwise would, in effect, make the limitation in the title more than the appellant claims, for it would limit the execution of the legislative object, not merely to a commission in fact, but to a commission that was also so in name. The state board of health is not a body corporate or a distinct legal entity, but a mere collective designation —a name and nothing more. A commission is none the less a commission, though called a board. That such was the view of the legislature in 1908 is shown by the enactment that the act should not render invalid any notice which might have been served prior thereto, but that such notice should continue in full force and effect, and that any proceeding begun should be further advanced and prosecuted in the name of the board of health. But for this provision it might be most forcibly contended that the notice served in 1906 was not a notice of which the state board of health could avail itself as the foundation of the present suit. With this provision in the act, it is clear that the legislature meant to make the board of health a state sewerage commission under the act of 1900. In this way the declared intent to have proceedings, already begun, advanced and prosecuted, was made effective. The fact that in later legislation the title of the act was amended does not, as suggested, indicate that the legislature doubted the constitutionality of the legislation under the former title. It indicates no more than a desire to make the

title more explicit, or, perhaps, the exercise of an abundant caution.

2. Under the act of 1900 (*Comp. Stat. p. 5818 pl. 86*) the commission was authorized to act if they found that waters of the state were being polluted to the injury of any of the inhabitants of this state either in their health, comfort or property. The chancellor found that the citizens of Trenton were suffering injury in their health, comfort and property, in that they were compelled to expend large sums of money to purify the waters of the Delaware for potable purposes. This finding was not vitiated by his remark at the end of the opinion that if the Delaware, at Trenton, was not polluted by the sewage of Phillipsburg in such manner as to cause injury to the inhabitants of Trenton, such injury was threatened and the case was therefore within the terms of the act of 1907. This remark was by way of indicating the equitable character of his result, and not an abandonment of his previous finding, which brought the case within the terms of the act of 1900. The first finding was warranted by the evidence.

The decree is affirmed. Costs should follow the decree. The defendants, instead of complying with the notice served in 1906, chose to litigate. We see no reason for making a distinction between a municipal corporation and an individual.

*For affirmance*—GARRISON, SWAYZE, TRENCHARD, MINTURN, KALISCH, BLACK, VREDENBURGH, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR—11.

*For reversal*—THE CHIEF-JUSTICE, PARKER, BERGEN—3.