BEN MCGRAW ET AL V. F. C. (FRED) TEICHMAN.

No. A-1874. Decided October 27, 1948.
(214 S. W., 2d Series, 282.)

*Riley Strickland,* of Amarillo, for appellant.

The Supreme Court has jurisdiction of this case under Rule 499a (b) because the validity of a statute of this State, to-wit: Article 1011g R.C.S. and the validity of an andministrative order issued under said statute are involved. Washington v. City of Dallas, 159 S. W. (2d) 579; Glenn v. Dallas County Bois D Arc Island Levee Dist., 268 S. W. 452; City of San Angelo v. Boehme Bakery, 190 S. W. (2d) 67.

*J. L. Bagwell,* of Amarillo, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the Court.

F. C. (Fred) Teichman, plaintiff in a suit filed in the 47th District Court of Potter County, Texas, against Ben McGraw, procured the issuance out of that court of a temporary injunction enjoining McGraw, his agents and employees, from further proceeding with the erection of a business building on a lot admittedly within an area theretofore zoned by the City of Amarillo as a residential and apartment area. McGraw, under the purported authority of a building permit issued to him by the Amarillo Board of Adjustment, had begun construction of the proposed building when the writ of injunction was served on him. The interlocutory order recited as the basis for its issuance the alleged use of *unlawful authority of the Board of Adjustment,* "in and *for the City of Amarillo, Texas,*" in issuing the permit. (Emphasis added). It appears from the foregoing statement, the facts of which are reflected by the transcript of the proceedings below, that the agency which issued the permit is nor a state board or commission, but is *a city board.*

The cause is before us on appeal by McGraw from the action of the district court in issuing the temporary injunction. We are confronted at the outset with the question of jurisdiction to entertain the appeal, which appellant McGraw contends he is entitled to prosecute directly to this Court.

The contention is overruled. No "administrative order issued by a state board or commission" is involved in the suit; nor is a question of "the constitutionality or unconstitutionality of a statute," involved. This Court is therefore without jurisdiction to hear the cause on direct appeal, and it should be dismissed. Art. 1738a, Vernon's Ann. Civ. St.; Rules of Civil Procedure, Rule 499-a, Sec. b. It is accordingly so ordered.

Opinion delivered October 27, 1948.

No motion for rehearing filed.