E. P. LIPSCOMB ET AL V. JACK FLAHERTY ET AL

No. A-4380. Decided February 10, 1954.
Rehearing overruled March 3, 1954.
(264 S.W. 2d Series 691)

*E. P. Lipscomb,* of San Antonio, for petitioner.

*Jack Davis*, City Attorney, and *C. J. Matthews*, Asst. City Attorney, for respondents.

MR. JUSTICE WILSON delivered the opinion of the Court.

This is a direct appeal from an order sustaining a plea in abatement filed in an action to enjoin the Clerk and Judges of the San Antonio Police Courts from blacklisting him as a bondsman in the city jail under Art. 277, § 2, Code of Criminal Procedure. He seeks to have us declare this statute unconstitutional because, he alleges, Art. 277, § 2, Code of Criminal Procedure, is a local or special law and takes private property without due process of law.

Respondent city officials filed a plea in abatement founded upon res judicata. In a hearing on this plea they introduced two judgments, one from a county court and one from a district court, each of which disclosed that the identical issues had been decided in their favor in each judgment. The suits were between the same parties except that other bondsmen are intervenors in the case at bar. Notice of appeal was given from both judgments, but appeal was not perfected.

In sustaining the plea in abatement the trial court did not reach in the case at bar the question of the constitutionality of Art. 277, § 2, Code of Criminal Procedure. [1] Therefore the question presented to this court is not whether the statute is constitutional but whether the trial court erred in sustaining a plea in abatement upon res judicata. Art. 1738a, V.A.C.S. provides:

"From and after January 1, 1944, appeals may be taken direct to the Supreme Court of this State from any order of any trial court granting or denying an interlocutory or permanent injunction on the ground of the constitutionality or unconstitutionality of any statute of this State, or on the ground of the validity or invalidity of any administrative order issued by any State Board or Commission under any statute of this State. It shall be the duty of the Supreme Court of this State to prescribe the necessary rules of procedure to be followed in perfecting such an appeal."

---

[1] "It is accordingly ordered by the court that defendants' plea in abatement herein should be and is hereby sustained, and that this cause should be and is hereby dismissed at plaintiff's and intervenor's costs; * * *."

Rule 499a, Rules of Civil Procedure, provides:

"(b) An appeal to the Supreme Court directly from such a trial court may present only the constitutionality or unconstitutionality of a statute of this State, or the validity or invalidity of an administrative order issued by a state board or commission under a statute of this State, when the same shall have arisen by reason of the order of a trial court granting or denying an interlocutory or permanent injunction."

We do not pass upon the question of whether or not the trial court correctly sustained the plea in abatement.

We have no jurisdiction over a direct appeal from an order of the District Court sustaining a plea of res judicata and not passing upon the constitutionality of the statute. The appeal is dismissed for want of jurisdiction. Costs are taxed against petitioners.

Opinion delivered February 10, 1954.

Rehearing overruled March 3, 1954.