## F. J. Bryson v. High Plains Underground Water Conservation District No. One Et Al.

No. A-5870. Decided December 12, 1956.
(297 S.W. 2d Series 117)

*R. H. Munsterman,* of Levelland, for petitioner.

*Boedeker & McCann* and *E. W. Boedecker,* all of Levelland, for respondent.

Mr Justice Walker delivered the opinion of the Court.

Appellant, F. J. Bryson, who owns a tract of land in the High Plains Underground Water Conservation District,[1] drilled a water well on his land without obtaining a permit therefor as required by the rules of the District. This suit was brought by the District to enjoin appellant from producing water from the well, and Bryan Hulse, who owns land adjoining that of appellant, intervened as a party plaintiff. At the conclusion of the trial, judgment was entered permanently enjoining appellant from producing more than 100,000 gallons per day from the well in question,[2] and appellant has appealed directly to

---

[1] An underground water conservation district created and existing under the provisions of Art. 7880-3c, Vernon's Ann. Texas Civ. Stat.

[2] Section D of Art. 7880-3c provides in effect, that no permit shall be required for a well drilled, completed and equipped so that it will not produce more than 100,000 gallons per day.

this court. We have concluded that the appeal must be dismissed for want of jurisdiction.

As we view the case, it is only necessary to make a brief statement of the manner in which the controversy arose. Appellant and appellee Hulse each made application to the District for permits to drill 6-inch water wells on their respective tracts, the application of Hulse being filed two days before that of appellant. Both applications could not be granted without violating the 300-yard spacing rule adopted by the District. After failing in an attempt to induce the applicants to agree to move the two well locations to points 150 yards from the common boundary, the District Board granted Hulse a permit to drill at the location he has requested and denied appellant's application. A subsequent application for an exception to the spacing regulations having also been denied, appellant proceeded to drill without a permit, and this suit was filed shortly after the well was completed.

Our jurisdiction of direct appeals is defined by the provisions of Art. 1738a, Vernon's Ann. Texas Civ. Stat., which was enacted by the Legislature in the exercise of the authority conferred upon it by Art. V, Sec. 3-b, of our Constitution. The statute provides that appeals may be taken direct to this Court from "any order of any trial court granting or denying an interlocutory or permanent injunction on the ground of the constitutionality or unconstitutionality of any statute of this State, or on the ground of the validity or invalidity of any administrative order issued by any State Board or Commission under any statute of this State." For us to have jurisdiction of a direct appeal, it must appear that a question of the constitutionality of a Texas statute or of the validity of an administrative order issued by a State Board or Commission under a statute of this State was properly raised in the trial court, that such question was determined by the order of such court granting or denying an interlocutory or permanent injunction, and that the question is presented to this Court for decision. See Rule 499-a, Texas Rules of Civil Procedure; Lipscomb v. Flaherty, 153 Texas 151, 264 S.W. 2d 691; Corona v. Garrison, 154 Texas 124, 274 S.W. 2d 541.

By a supplemental answer filed during the trial of the case, appellant attacked the constitutionality of certain portions of Art. 7880-3c, Vernon's Ann. Texas Civ. Stat., and the conclusions of law filed at his request show that the trial court passed

upon such contentions and upheld the statute. His appeal does not, however, present any of these questions for determination by this Court, and we do not have jurisdiction of a direct appeal simply because a statute was assailed on constitutional grounds in the trial court.

Appellant does contend that the orders of the District Board denying him a permit and an exception to the spacing rules and granting a permit to his neighbor are arbitrary, capricious and invalid. Art. V, Sec. 3-b, of the Constitution empowers the Legislature to extend our appellate jurisdiction to the decisions of the trial courts in injunction cases where the appeal is grounded on the validity or invalidity of an order issued by a "state agency" under a statute of the State. Under the provisions of Art. 1738a, however, this jurisdiction is limited to cases which present a question of the validity of an order of a "State Board or Commission." We have considered direct appeals involving the validity of orders of the Railroad Commission of Texas and the State Board of Water Engineers, and have held that this Court has no jurisdiction where the attack is made upon an order of a city board of adjustment. Railroad Commission v. Shell Oil Co., 146 Texas 286, 206 S.W. 2d 235; Railroad Commission v. Sterling Oil & Refining Co., 147 Texas 547, 218 S.W. 2d 415; Texas & N. O. R. Co. v. Railroad Commission, 155 Texas 323, 286 S.W. 2d 112; Board of Water Engineers v. Colorado River Municipal Water Dist., 152 Texas 77, 254 S.W. 2d 369; Harris County Water Control & Imp. Dist. No. 39 v. Albright, 153 Texas 94, 263 S.W. 2d 944; McGraw v. Teichman, 147 Texas 142, 214 S.W. 2d 282.

Since Art. 1738a follows the language of the Constitution in all other important respects, the Legislature's use of the words "State Board or Commission" instead of "state agency" must be regarded as both deliberate and significant. The statute clearly does not contemplate a direct appeal in every case involving the validity of an administrative order of any state agency, and it is our opinion that the words "State Board or Commission" as used therein mean a board or commission which is an agency of the State with territorial jurisdiction in the issuance of administrative orders coextensive with the limits of Texas. The Board of the appellee District is not such a State Board or Commission, and appellant's attack upon its orders does not constitute grounds for a direct appeal to this Court.

The appeal is dismissed.

Opinion delivered December 12, 1956.