STANDARD SECURITIES SERVICE CORPORATION V.
WILLIAM M. KING, ET AL.

No. A-7863. Decided Oqtober 5, 1960.
Rehearing Overruled January 11, 1961.
(341 S.W. 2d Series 423)

*Louis Scott Wilkerson*, of Austin, for appellant.

*Will Wilson*, Attorney General, *Fred B. Werkenthin, R. V. Loftin, Jr., C. Dean Davis*, Assistants Attorney General for appellee.

MR. JUSTICE CALVERT delivered the opinion of the Court.

This case is brought to this court by direct appeal from a judgment of 53rd District Court of Travis County. We have concluded that we have no jurisdiction of the appeal and accordingly dismiss it.

On December 11, 1959, William M. King, State Securities Commissioner, entered an order revoking appellant's registra-

tion as a securities dealer in Texas. Suit was promptly filed by appellant against King as Securities Commissioner and against Maurice Bullock, Jay A. Phillips and W. M. (Pete) Rodes as members of The State Securities Board. Appellant sought a restraining order, a temporary injunction and a permanent injunction restraining the Securities Commissioner from attempting to enforce the order of revocation, and also sought a declaratory judgment interpreting certain provisions of the Securities Act. This attempted appeal is from a judgment which decrees: "1) That the permanent injunction requested by plaintiff be and the same is hereby denied, 2) that the order of the Securities Commissioner revoking plaintiff's registration as a security dealer is in all things valid, 3) That plaintiff take nothing by its suit, 4) That all other relief sought by plaintiff be and the same is hereby denied and the costs are adjudged against the plaintiff."

Direct appeal to this Court from trial court judgments is authorized by Art. 1738a, Vernon's Ann. Texas Civ. Stat. Authority for the legislative enactment is found in section 3-b of Art. 5 of the Constitution which reads:

"The Legislature shall have the power to provide by law, for an appeal direct to the Supreme Court of this State from an order of any trial court granting or denying an interlocutory or permanent injunction on the grounds of the constitutionality or unconstitutionality of any statute of this State, or on the validity or invalidity of any administrative order issued by any state agency under any statute of this State."

The pertinent part of Art. 1738a reads as follows:

"* * * appeals may be taken direct to the Supreme Court of this State from any order of any trial court granting or denying an interlocutory or permanent injunction on the ground of the constitutionality or unconstitutionality of any statute of this State, or on the ground of the validity or invalidity of any administrative order issued by any State Board or Commission under any statute of this State."

■ It will be observed that whereas the Constitution empowers the legislature to provide for direct appeals to this court in cases in which a trial court's order granting or denying an injunction is based "on the validity or invalidity of any administrative order issued by *any state agency*,"[1] the legislature has not ex-

1.—Emphasis ours throughout.

ercised the full measure of its power; it has authorized such appeals only in cases in which the trial court's order is based on "the validity or invalidity of any administrative order issued by any *State Board or Commission.*" In the course of holding that a direct appeal to this court would not lie in a case in which trial court action was based on the validity or invalidity of an order of a water conservation district, we stated: "Since Art. 1738a follows the language of the Constitution in all other important respects, the Legislature's use of the words 'State Board or Commission' instead of 'state agency' must be regarded as both deliberate and significant." Bryson v. High Plains Underground Water Con. Dist., 156 Texas 405, 297 S.W. 2d 117, 120. We further observed that Art. 1738a clearly does not contemplate a direct appeal in every case involving the validity of an administrative order of any *state agency.*

■ The trial court's judgment in this case does not determine, and therefore is not based on, the constitutionality or unconstitutionality of a statute. Bryson v. High Plains Underground Water Cons. Dist., supra; Corona v. Garrison, 154 Texas 124, 274 S.W. 2d 541. It follows that we have no jurisdiction of this appeal unless it may be said that the order revoking appellant's registration as a security dealer is an order of a "State Board or Commission." We hol dthat it is not such an order.

The Securities Act, Arts. 581-1 to 581-39, V.A.T.C.S., creates and provides for the appointment of "The State Securities Board" and a "State Securities Commissioner." Many detailed provisions of the Act lodge administrative powers and duties in the State Securities Commissioner, and Art. 581-3 specifically provides: "The administration of the provisions of this Act shall be vested in the Securities Commissioner." Express authority to revoke the registration of a dealer is given only to the Commissioner. Art. 581-25. The Act leaves the duties of the State Securities Board less than clear. The opening sentence of Art. 581-2, paragraph A is: "The State Securities Board is hereby created for the purpose of electing the State Securities Commissioner." The only other provisions of the entire Act which deal with the powers and duties of the Board are paragraphs B and E of Art. 581-2 which read:

"B. The Board shall appoint a Securities Commissioner who serves at the pleasure of the Board and who shall, under the supervision of the Board, administer the provisions of this Act. Each member of the Board shall have access to all offices and records under his supervision, and the Board, or a majority

thereof, may exercise any power or perform any act authorized to the Securities Commissioner by the provisions of this Act.

\* \* \* \* \* \* \* \*

"E. The Board, with the advice of the Commissioner, shall report annually in November to the Governor as to its administration of this Act, as well as plans and needs for future securities regulation."

We need not decide whether under authority of paragraph B the Board could have entered the order of revocation here under attack; there is simply nothing in the record to indicate that it did enter it. The order of revocation was signed only by the Commissioner and the judgment of the district court, quoted above, decrees as valid only an order of "the Securities Commissioner." When the order is considered in the light of the record and of the provisions of the Securities Act it is clear that it is an order of the State Securities Commissioner and is not an order of the State Securities Board. Once that conclusion is reached, it must follow that the order is not an order of a "State Board or Commission" within the meaning of Art. 1738a. A single administrative or executive officer does not constitute a "State Board or Commission," either in a legal sense, see Board of Health, etc. v. Inhabitants of Town of Phillipsburg, 85 N. J. Eq. 161, 96 Atl. 62, 63; City of Louisville, Mun. Housing Com'n. v. Public Housing Admin. (Ky.) 261 S.W. 2d 286, 288, where approval is given to Funk & Wagnalls' definition of the word "Commission" as "a body composed of several persons acting under lawful authority to perform some public service," or in common understanding.

The appeal is dismissed.

Opinion delivered October 5, 1960.

Rehearing overruled January 11, 1961.