GIBRALTAR SAVINGS ASSOCIATION V.
J. M. FALKNER, BANKING COMMISSIONER OF TEXAS

No. A-8286. Decided November 15, 1961
351 S.W. 2d 534

*Monteith, Bearing & Monteith,* Houston, *Graves, Dougherty, Gee & Hearon,* Austin, for appellant.

*Will Wilson,* Atty. Gen., *Fred B. Werkenthin* and *C. K. Richards,* Asst. Atty. Gen., Black & Stayton, Austin for appellee.

SMITH, Justice.

This case is brought to The Supreme Court of Texas by direct appeal from a judgment of the 98th District Court of Travis County. We have concluded that this Court has no jurisdiction of the appeal and accordingly dismiss it.

On October 11, 1957, J. M. Falkner, the Banking Commissioner of Texas, issued an order which denied approval of the application of Gibraltar Savings Association to open a "branch savings and loan office" in the Spring Branch area of Houston. The Commissioner's action was taken pursuant to Article 881a-1, Vernon's Annotated Civil Statutes.

Gibraltar filed this suit appealing from the order of the Banking Commissioner, and seeking both a temporary and a permanent injunction restraining the Banking Commissioner

from enforcing the order appealed from. The judgment of the district court decreed (1) that the order was valid, (2) that Gibraltar, its officers, agents, servants, and employees were enjoined from operating the branch office in question, and (3) "That all relief not herein expressly granted is hereby denied."

■ Gibraltar predicates its right to a direct appeal to this Court upon Article 1738a, Vernon's Annotated Civil Statutes. The pertinent provisions of this statute are:

"* * * appeals may be taken direct to the Supreme Court of this State from any order of any trial court granting or denying an interlocutory or permanent injunction *on the ground* of the constitutionality or unconstitutionality of any statute of this State, or *on the ground* of the validity or invalidity of any administrative order issued by any State Board or Commission under any statute of this State." [Emphasis added.]

It is apparent that this statute gives the appellant the right to a direct appeal to this Court in two situations. The first is "* * * from any order of any trial court granting or denying an interlocutory or permanent injunction on the ground of the constitutionality or unconstitutionality of any statute of this State, * * *." Therefore, we must first determine if the order of the district court in the instant case is such an order.

■ Gibraltar went to trial upon its Third Amended Original Petition, together with its Supplemental Petition. Gibraltar also filed a trial amendment after the trial of the case upon the merits. We have carefully examined these pleadings and have failed to find any place where the order of the Commissioner was attacked on the ground that the statute on which it was based was unconstitutional. However, Gibraltar's pleadings do contain an allegation to the effect that *if* Falkner should be sustained by the Court in his position that Gibraltar had no right of appeal to or other redress in the courts from his action under Article 881a-1, Vernon's Annotated Civil Statutes, *then* "Article 881a is in conflict with the United States and Texas Constiutions, and particularly with the due process clauses thereof, and must fall." This alternative pleading is conditional in its terms and would have amounted to an attack upon the constitutionality of the statute involved only in the event the Court had held that Gibraltar had no right of appeal or other redress, and that the statute granted to the Commissioner the power to exercise final authority. Since the Court did not hold that Gilbraltar was not

entitled to recourse to the courts to review the actions of the Banking Commissioner, the constitutional question was never reached by the trial court. Injunctive relief was neither granted nor denied on the ground that the statute is constitutional or unconstitutional.

On December 21, 1960, after the trial of the case upon the merits under the "substantial evidence rule" had been completed, Gibraltar filed a trial amendment, seeking a permanent and a temporary injunction pending final judgment, enjoining Banking Commissioner, Falkner, from enforcing the order entered October 11, 1957, and from imposing any sanction upon Gibraltar by reason of its maintenance and operation of its branch office at 8022 Longpoint Road, Houston, Texas.

On January 18, 1961, the trial court entered its judgment, the pertinent part, being:

"'* * * and the Court, having considered the pleadings, the evidence, and the argument of counsel, and being of the opinion that the law and the facts are with the defendant, J. M. Falkner, Banking Commissioner of Texas, and intervenor-defendant, Spring Branch Savings and Loan Association, it is accordingly ORDERED, ADJUDGED and DECREED as follows:

"(1) That the order made and entered on October 11, 1957, denying plantiff's application to open, operate and maintain a branch office at 8022 Longpoint Road, Houston, Harris County, Texas, is and the same is hereby declared to be a valid, legal and binding order; and that plaintiff take nothing by its suit herein;

"(2) That pending final determination of this cause in the appellate courts plaintiff, its officers, agents, servants, and employees are enjoined and restrained from operating and maintaining the branch office at 8022 Longpoint Road, Houston, Harris County, Texas, and from doing and performing any of the acts or functions therein authorized by Chapter 3, Rules and Regulations, effective January 19, 1958, adopted by the Building and Loan Section of the Finance Commission of the State of Texas;

"(3) That all other relief not herein expressly granted is hereby denied; * * *.'"

It is apparent that the judgment of the trial court in the instant case did not determine the constitutionality or unconstitutionality of any statute, including Articles 881 and 1136a-9. Vernon's Annotated Civil Statutes of Texas. The matter was not before the court and the judgment contains no reference thereto. The case of Standard Securities Service Corporation v. King, 161 Tex., 448, 341 S.W. 2d 423, was an attempted direct appeal. The judgment, by its terms, as here, gave no indication that the trial court determined the constitutionality or unconstitutionality of a statute. In holding no jurisdiction of the appeal in that case, this Court said:

> "The trial court's judgment in this case does not determine, and therefore is not based on, the constitutionality or unconstitutionality of a statute."

As held in the case of Bryson v. High Plains Underground Water Conservation Dist., 156 Tex. 405, 297 S.W. 2d 117, 120, our jurisdiction of direct appeals is defined by the provisions of Article 1738a, Vernon's Annotated Texas Civil Statutes. For this Court to have jurisdiction of a direct appeal "it must appear that a question of the constitutionality of a Texas Statute or of the validity of an administrative order issued by a state board or commission under a statute of this state was properly raised in the trial court, that such question was determined by the order of such court granting or denying an interlocutory or permanent injunction, and that the question is presented to this Court for decision." See Rule 499a, Texas Rules of Civil Procedure; Lipscomb v. Flaherty, 153 Tex. 151, 264 S.W. 2d 691; Corona v. Garrison, 154 Tex. 124, 274 S.W. 2d 541.

The second situation in which Article 1738a, supra, grants the right of direct appeal to this Court is: "* * * from any order of any trial court granting or denying an interlocutory or permanent injunction on the ground of the *validity* or *invalidity* of any administrative order issued by any *State Board* or *Commission* under any statute of this State."

■ The order in the instant case is not such an order. See Standard Securities Service Corporation v. King, supra. In that case a revocation order of the State Securities Commission was involved. The Securities Act, Articles 581 to 581-39, Vernon's Annotated Texas Civil Statutes, creates and provides for the appointment of "The State Securities Board and a "State

Securities Commissioner." Express authority to revoke the registration of a dealer is given only to the Commissioner. We held in that case that the order involved was that of the State Securities Commissioner and was not an order of the Securities Board. We see no distinction between that situation and the present case. Here, the order involved was entered by Falkner in his capacity as Banking Commissioner of Texas, and not by the Finance Commission of Texas. Falkner was appointed State Banking Commissioner of Texas under the provisions of Article 342-201, Vernon's Annotated Civil Statutes of Texas. The appointment was made by the Finance Commission of Texas. Falkner's powers as Banking Commissioner of Texas include the supervision and control of all building and loan associations doing business in this State. He is charged with the execution of the laws of Texas relating to such associations under the provisions of Article 881a-7, Vernon's Annotated Civil Statutes. The Building and Loan Association Act, Article 881a-1, et seq., Vernon's Annotated Civil Statutes, does not provide for any jurisdiction or control by the Finance Commission of Texas of any order entered by the Commissioner. When the order is considered in the light of the record and the pertinent statutes, it is clear that the order entered by Falkner, on October 11, 1957, refusing the application of Gibraltar to open and operate a branch office, is an order of the Banking Commissioner of Texas, and not an order of The Finance Commission of Texas.

The order involved here is not an order of a "State Board or Commission" within the meaning of Article 1738a, supra. See Board of Health, etc. v. Inhabitants of Town of Phillipsburg, 85 N.J. eq. 161, 96 A. 62, 63; City of Louisville Municipal Housing Comm. v. Public Housing Administration, Ky., 261 S.W. 2d 286, 288, cited in the case of Standard Securities Service Corporation v. King, supra.

The Legislature has the power under the Constitution to provide for direct appeals to this Court in cases such as we have here. The power to authorize direct appeals from orders of the State Banking Commissioner has not been exercised by the Legislature and cannot be exercised constitutionally by the courts.

The appeal is dismissed.