Johnnie H. MITCHELL et al., Appellants,

v.

PUROLATOR SECURITY, INC., Appellee.

No. B–4544.

Supreme Court of Texas.

Oct. 30, 1974.

Franklin L. Smith, County Atty., Thomas R. Bandy, Asst. County Atty., James R. Riggs, City Atty., Gerry Miller, Asst. City Atty., Corpus Christi, John L. Hill, Atty. Gen., Lewis A. Jones, Asst. Atty. Gen., Austin, for appellants.

Strasburger, Price, Kelton, Martin & Unis, John H. Marks, Jr., and Royal H. Brin, Jr., Dallas, Keys, Russell, Watson & Seaman, Louis W. Russell, Corpus Christi, for appellee.

DANIEL, Justice.

This is a direct appeal from a temporary injunction in favor of Purolator Security, Inc., appellee, an armored car common carrier, against the appellants, Johnnie H. Mitchell, Sheriff of Nueces County, and other law enforcement officials. The trial court's order temporarily enjoined the appellants from applying and enforcing the prohibitions of Sections 46.02 and 46.03 of the Texas Penal Code, V.T.C.A. (the "handgun" law) against the appellee and its employees.

At the threshold we are confronted with the question of whether this appeal is one which falls within the very limited direct appeal jurisdiction of this Court under Article V, Section 3–b of the Texas Constitution, Vernon's Ann.St. and Article 1738a of the Vernon's Ann.Revised Civil Statutes.[1] For the reasons hereinafter stated, we have concluded that it does not.

The appellate jurisdiction of this Court is generally restricted to appeals from the intermediate Courts of Civil Appeals. A limited and restricted exception is contained in Article V, Sec. 3–b of the Texas Constitution, as follows:

"The Legislature shall have the power to provide by law for an appeal direct to the Supreme Court of this State from an order of any trial court granting or de-

1. Statutory references are to Vernon's Annotated Texas Civil Statutes.

nying an interlocutory or permanent injunction *on the grounds* of the constitutionality or unconstitutionality of any statute of this State, or on the validity or invalidity of any administrative order issued by any state agency under any statute of this State." [2]

Under the above constitutional authority, the legislature adopted Article 1738a, as follows:

"From and after January 1, 1944, appeals may be taken direct to the Supreme Court of this State from any order of any trial court granting or denying an interlocutory or permanent injunction *on the ground* of the constitutionality or unconstitutionality of any statute of this State, or on the ground of the validity or invalidity of any administrative order issued by any State Board or Commission under any statute of this State. It shall be the duty of the Supreme Court of this State to prescribe the necessary rules of procedure to be followed in perfecting such an appeal."

The appellee, Purolator Security, Inc., a Texas corporation, operates an armored car service in various counties of the State, including Nueces, for the purpose of transferring coin, currency, and other valuable personal property from place to place, using the public streets and thoroughfares. According to uncontroverted portions of its sworn petition, Purolator services federal reserve banks, national banks, and state banks whose funds are insured by various federal agencies, as well as numerous business establishments which need to transport and receive large sums of money. In the past its armored car operators have armed themselves with handguns. Purolator alleged that this practice by its "highly trained, well paid, and fully bonded" personnel was necessary to insure the safe delivery of its transfers of valuable property and to deter robbery and other crimes, to all of which the appellants offered controverting evidence. Purolator alleged that Section 46.02 of the Penal Code, forbidding the carrying of a hand-

gun, did not apply to its employees while on duty traveling or on its own premises or premises under its control; that if it did, the law was unconstitutional; that the appellant officers in Nueces County had adopted a contrary interpretation of the law and had advised Purolator that, beginning January 1, 1974, they would arrest all armored car personnel who carried side arms or handguns while discharging the business of the company; that the proposed manner of enforcement would result in irreparable injury and damage to its business and to the security of currency, coin, and other valuables being transported from place to place in the ordinary course of commerce; and that it had no adequate remedy at law to protect its business from being destroyed by the threatened arrests.

The relevant portions of the Texas Penal Code, effective January 1, 1974, provide:

"Sec. 46.02. . Unlawful Carrying Weapons

"(a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club.

"(b) Except as provided in Subsection (c), an offense under this section is a Class A misdemeanor.

"(c) An offense under this section is a felony of the third degree if it occurs on any premises licensed or issued a permit by this state for the sale or service of alcoholic beverages."

"Sec. 46.03. Non-Applicable

"The provisions of Section 46.02 of this code do not apply to a person:

"(1) in the actual discharge of his official duties as a peace officer, a member of the armed forces or national guard, or a guard employed by a penal institution;

"(2) on his own premises or premises under his control;

"(3) traveling; or

"(4) engaging in lawful hunting or fishing or other lawful sporting activity."

---

2. Emphasis supplied unless otherwise noted.

After a hearing on Purolator's petition, the trial court entered its order, the relevant portion of which reads:

". . . it appearing to the Court after reviewing the pleadings, hearing the evidence and argument of counsel and considering the briefs presented that there is a serious question as to whether Sections 46.02 and 46.03 of the Texas Penal Code apply to this Plaintiff so as to prohibit the carrying of hand guns by Plaintiff's armored car operators in servicing national banks, the Federal Reserve System and its other customers and/or if said provisions are so construed whether such a construction as against Plaintiff would render the provisions void as to it as being violative of Article I, Section 8 of the United States Constitution and the Second and Fourteenth Amendments thereof and Article I, Sections 19 and 23 of the Constitution of the State of Texas; that Plaintiff has demonstrated a probable right to the ultimate relief sought herein and that its operations do affect interstate commerce and provide a valuable service to the public; that a temporary injunction will preserve the status quo pending a hearing on the merits wherein the evidence can be fully developed; and that granting a temporary injunction will be much less of a hardship to Defendants than denying it would be to Plaintiff and that such temporary injunction will further the public interest; and

"It further appearing to the Court that Defendants will enforce the provisions in question against Plaintiff unless restrained and that such threatened enforcement of Sections 46.02 and 46.03 of the Texas Penal Code to prohibit Plaintiff's armored car operators from carrying hand guns in the course of their duties will probably result in irreparable harm and injury to Plaintiff's vested property rights and personal and civil rights if this temporary injunction should not issue in that its lawful business as carried on presently and for many years past will likely be brought to a standstill and virtually destroyed and that no adequate remedy at law exists for the protection of Plaintiff's interests and constitutional rights in this regard;

"It is therefore, ORDERED, ADJUDGED AND DECREED by the Court that the Defendants and each of them be and they are hereby temporarily restrained and enjoined, . . . from enforcing Sections 46.02 and 46.03 of the Texas Penal Code in such a manner as to prohibit armored car operators employed by Plaintiff, Purolator Security, Inc., from carrying hand guns in the discharge of their official duties as employees of Plaintiff during the pendency of this litigation and until further order of this Court."

■ Unless the foregoing order can be interpreted as having been granted *on the grounds* of the unconstitutionality of the above mentioned statutes, this Court has no jurisdiction of a direct appeal therefrom. Our decisions have been strict in applying the constitutional and statutory requirements for a direct appeal. It is not enough that a question of the constitutionality of a statute may have been raised in order for our direct appeal jurisdiction to attach in injunction cases; in addition the trial court must have made a holding on the question based *on the grounds* of the constitutionality or unconstitutionality of the statute. Gibraltar Savings Assn. v. Falkner, 162 Tex. 633, 351 S.W.2d 534 (1961); Standard Securities Service Corp. v. King, 161 Tex. 448, 341 S.W.2d 423 (1960); Holmes v. Steger, 161 Tex. 242, 339 S.W.2d 663 (1960); Gardner v. Railroad Commission, 160 Tex. 467, 333 S.W.2d 585 (1960); Bryson v. High Plains Underground Water Conservation Dist. No. 1, 156 Tex. 405, 297 S.W.2d 117 (1956); Corona v. Garrison, 154 Tex. 124, 274 S.W.2d 541 (1955).

■ In the present case relief was sought primarily on the ground that the statute does not apply to appellee's operating personnel while transporting money

and other valuables or while on appellee's premises or those under its control, and in the alternative, its application to them would be unconstitutional. The trial court has made no holding on either question. It has only issued a temporary injunction to preserve the status quo until the case can be developed in full. The temporary injunctive relief was not granted or denied on the ground that the statute is constitutional or unconstitutional, and hence we have no jurisdiction to hear a direct appeal from the order of the trial court.

Appellants present other points of error relating to the power of a trial court to enjoin the enforcement of a penal statute, the sufficiency of the trial court's statement of reasons for granting the temporary injunction, and the lack of vested property rights of the appellee in the use of public streets. Clearly, these additional points are also beyond the scope of our jurisdiction in direct appeals.

Accordingly, the appeal is dismissed for want of jurisdiction.

GREENHILL, C. J., and POPE, J., concur in the result.