Rene MARTINEZ, Appellant,

v.

Eduardo R. RODRIGUEZ, Conservator, et al., Appellees.

No. B–9674.

Supreme Court of Texas.

Nov. 5, 1980.

Lee Mahoney, Corpus Christi, for appellant.

Sam Graham, Austin, for appellees.

BARROW, Justice.

This is a direct appeal from an order of the 229th District Court of Duval County denying appellant's application for a temporary injunction to enjoin appellee, Eduardo R. Rodriguez, from exercising authority in the management and operations of the Duval County Conservation and Reclamation District (District). Rodriguez was appointed Conservator of and for the District by the Texas Water Rights Commission on March 27, 1975, and is still serving in that capacity.

We are confronted at the outset with the question of whether this appeal is one which falls within the limited direct appeal jurisdiction of this Court under Article V, Section 3–b of the Texas Constitution and Article 1738a, Texas Revised Civil Statutes Annotated. We have concluded that it does not and accordingly dismiss the appeal for want of jurisdiction.

Article V, Section 3–b provides:

"The Legislature shall have the power to provide by law, for an appeal direct to the Supreme Court of this State from an order of any trial court granting or denying an interlocutory or permanent injunction on the grounds of the constitutionality or unconstitutionality of any statute of this State, or on the validity or invalidity of any administrative order issued by any state agency under any statute of this State."

Pursuant to this authority, the Legislature enacted Article 1738a which provides:

"From and after January 1, 1944, appeals may be taken direct to the Supreme Court of this State from any order of any trial court granting or denying an interlocutory or permanent injunction on the ground of the constitutionality or unconstitutionality of any statute of this State, or on the ground of the validity or invalidity of any administrative order issued by any State Board or Commission under any statute of this State. It shall be the duty of the Supreme Court of this State to prescribe the necessary rules of procedure to be followed in perfecting such an appeal." [1]

Our decisions have been strict in applying the constitutional and statutory requirements for a direct appeal. It is not

1. *See* Rule 499a, Tex.R.Civ.Pro.

enough that a question of the validity or invalidity of an administrative order issued by a State Board or Commission under any statute of this state may have been raised in the proceeding. The trial court must have made a holding on the question based *on the ground* of the validity or invalidity of that administrative order. *Mitchell v. Purolator Security, Inc.*, 515 S.W.2d 101 (Tex.1974); *Gibraltar Savings Association v. Falkner*, 162 Tex. 633, 351 S.W.2d 534 (1961); *Bryson v. High Plains Underground Water Con. Dist.*, 156 Tex. 405, 297 S.W.2d 117 (1956).

■ On November 18, 1974 the Texas Water Rights Commission appointed the Honorable T. Gilbert Sharp as Conservator of the District. The order of appointment relates that the Attorney General of Texas had advised the Commission of alleged violations of several sections of the Texas Water Code as well as of alleged misconduct and misappropriation of funds by several former members of the Board of Directors of the District. Appellee Rodriguez was appointed Conservator by the Commission upon the resignation of Judge Sharp. Several suits were filed by him on behalf of the District seeking to recover funds or property allegedly belonging to the District.[2] Appellant was joined as a party defendant in one of the suits. The District intervened in this suit as a party plaintiff and is an appellee here. Appellant filed a plea in abatement in that suit wherein it was urged that appellee Rodriguez did not have the authority or capacity to bring the suit for the District. This plea in abatement was overruled on June 27, 1980. On July 7, 1980 appellant filed a cross–action in that cause wherein he sought the temporary injunction involved in this appeal for the same reasons urged in his prior plea in abatement. The Commission is not a party to these proceedings and, in fact, its attempted intervention was successfully opposed by appellant. The temporary injunction was denied on July 17, 1980 and appellant brought this direct appeal.

The trial court order does not indicate the basis for denial of the temporary injunction. It is apparent, however, that the order of the trial court is not necessarily based on the validity or invalidity of an order of the Commission. The order denying the temporary injunction makes no mention of the Commission's order. Furthermore, the appellees asserted other defenses in support of the trial court's order. Specifically, appellees urged that the temporary injunction sought by appellant should be denied because: (1) appellant had an adequate remedy at law; (2) appellant did not seek this injunction with clean hands; and (3) appellant had not shown probable right of recovery upon ultimate trial of the merits.

Since the trial court did not make a specific holding on the question of the validity of the Commission's order appointing appellee, we do not have jurisdiction of this direct appeal.

The appeal is dismissed for want of jurisdiction.

2. Settlements have been made with two parties whereby the District recouped $465,000.