**QUERNER TRUCK LINES, INC., Petitioner,**

v.

**STATE of Texas et al., Respondents.**

No. C–1857.

Supreme Court of Texas.

May 25, 1983.

Rehearing Denied July 6, 1983.

Gary Pinnell and Thomas M. Thurmond, San Antonio, for petitioner.

Oliver S. Heard, Jr., San Antonio, Thomas S. Goggan, Austin, for respondents.

BARROW, Justice.

■ This is a direct appeal from a final judgment which held former article 7266[1] constitutional and denied Querner Truck Lines, Inc. a permanent injunction restraining the sale of its property by the Bexar County Tax Assessor for delinquent taxes. We recently held the statute constitutional in a companion case. *See Shaw v. Phillips Crane & Rigging of San Antonio, Inc.,* 636 S.W.2d 186 (Tex.1982). We adhere to that holding and affirm the judgment of the trial court.

Although this case and *Phillips Crane* were originally filed as companion cases, Querner seeks to distinguish our prior holding on two grounds. It asserts that we did

---

1. All statutory references are to Texas Revised Civil Statutes Annotated. This statute was repealed effective January 1, 1982. The current provisions are codified at section 33.21(b) of the Texas Tax Code.

not consider the fourth amendment[2] of the United States Constitution in our determination of *Phillips Crane.* This contention is without merit. Querner concedes that this amendment was presented in the prior appeal. Furthermore, this argument is but another shade of its due process argument which was fully considered and rejected in *Phillips Crane.*

■ Querner would further distinguish this case by urging that article 7266 is unconstitutional because it deprives him of the statutory protection of the four year statute of limitations. *See* art. 7298.[3] This argument fails because of the limited review available on direct appeal. This Court has strictly applied the constitutional and statutory requirements for a direct appeal. *E.g., Martinez v. Rodriguez,* 608 S.W.2d 162 (Tex.1980); *Mitchell v. Purolator Security, Inc.,* 515 S.W.2d 101 (Tex.1974). The applicability of a statute of limitations which bars the remedy and not the debt is not a question of constitutional dimensions. Such a question is properly addressed by appeal to the appropriate court of appeals and not by direct appeal. Tex. Const. art. V, § 3–b; art. 1738a; Tex.R.Civ.P. 499a.

The judgment of the trial court is affirmed.

2. The fourth amendment provides in part:

   The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation. . . .

3. This statute was repealed effective January 1, 1982. The current provisions are codified at section 33.05 of the Texas Tax Code.