**TEXAS WORKERS' COMPENSATION COMMISSION, et al., Appellants,**

v.

**Hector GARCIA, Jr., et al., Appellees.**

**No. D–1516.**

Supreme Court of Texas.

Oct. 16, 1991.

Joe Pitner, Shannon H. Ratliff, Dan Morales, Delmar L. Cain, Harry G. Potter, III, Frank Oliver and Scott Moore, Austin, for appellants.

Robert Serna, Crystal City, Bill Whitehurst, David R. Richards, Austin, Robert R. Puente, San Antonio, for appellees.

PER CURIAM.

This is a direct appeal from a judgment of the district court declaring the Texas Workers' Compensation Act[1] void as violative of various provisions of the Texas Constitution. Appellants have filed a statement of jurisdiction; appellees have responded. *See* TEX.R.APP.P. 140(c).

"An appeal may be taken directly to the supreme court from an order of a trial court granting or denying an interlocutory or permanent injunction on the ground of the constitutionality of a statute of this state." TEX.GOV'T CODE § 22.001(c); *see* TEX. CONST. art. V, § 3–b. The only injunctive relief sought in this case was by appellees against three parties: the Texas Workers Compensation Commission, its executive director, and a private employer. At trial, appellees orally withdrew their injunctive claims against two of those parties, the Commission and director. Accordingly, the district court never granted or denied injunctive relief against the Commission and its director. Appellees' remaining claim for injunctive relief against the private employer was not addressed specifically in the district court's judgment but effectively disposed of by its general provision "that all relief requested and not otherwise granted is hereby DENIED." The private employer has not appealed. Only the Commission and its director have appealed.

We have strictly construed our direct appeal jurisdiction, requiring that the trial court's ruling on the temporary or permanent injunction be "on the ground" of the statute's constitutionality or unconstitutionality. *See Mitchell v. Purolater Security, Inc.*, 515 S.W.2d 101 (Tex.1974); *Gibraltar Sav. Ass'n v. Falkner*, 162 Tex. 633, 351 S.W.2d 534 (1961); *cf. Martinez v. Rodriguez*, 608 S.W.2d 162, 163–64 (Tex. 1980). It is far from clear in this case that the district court's general denial of injunctive relief against the private employer was related to its determination that the Act is unconstitutional. Assuming that it was, however, that denial may not be used to invoke direct appeal jurisdiction when the private employer has not perfected its own appeal.

Appellants argue that a grant of declaratory relief against a state agency, which is the relief granted against the Commission in this case, is akin to an injunction. Whatever the similarities in effect, however, the simple granting of declaratory relief against a state agency is not sufficient to invoke our direct appeal jurisdiction. *Cf. Boston v. Garrison*, 152 Tex. 253, 256 S.W.2d 67 (1953).

Appellants also argue that appellees orally withdrew their claims for injunctive relief against the Commission and its director for the purpose of precluding a direct appeal to this Court. This argument, assuming it is correct, is irrelevant. The effect of the trial court's order, not the parties' litigation strategies, is what deter-

---

1. TEX.REV.CIV.STAT.ANN. art. 8308–1.01 *et seq.* (Vernon Supp.1991). The judgment refers to "Ch. 1, 1989 Tex.Sess.Law.Serv.2d C.S.1", which includes additional provisions. Act of Dec. 12, 1989, 71st Leg., 2d C.S., ch 1, 1989 Tex.Gen. Laws 1.

**62**

mines this Court's direct appeal jurisdiction.

For these reasons, a majority of the Court, without hearing oral argument, dismisses this appeal for want of jurisdiction. TEX.R.APP.P. 140(d), 170.